1   SEDGWICK, DETERT, MORAN & ARNOLD LLP
    STEVEN D. WASSERMAN  (Bar No. 88291)
2   MARK J. HANCOCK      (Bar No. 160662)
    One Market Plaza
3   Steuart Tower, Eighth Floor
    San Francisco, California 94105
4   Telephone: (415) 781-7900
    Facsimile:  (415) 781-2635
5   Email:    steven.wasserman@sdma.com

6   Attorneys for Defendant and Cross-Complainant
    SHARON GREEN

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11

12  FRITZI BENESCH,                    CASE NO.

13        Plaintiff,                   **NOTICE OF REMOVAL OF
                                       ACTION UNDER 28 U.S.C. § 1441(b)
14        v.                           (DIVERSITY) AND DEMAND FOR
                                       JURY TRIAL**
15  SHARON GREEN; and DOES 1 through 10,
    inclusive,

16        Defendants.

17  _____

18  SHARON GREEN,

19        Cross-Complainant,

20        v.

21  FRITZI BENESCH, and ROES 1 through 25,
    inclusive

22

23        Cross-Defendants.

24  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN**

25  **DISTRICT OF CALIFORNIA:**

26        PLEASE TAKE NOTICE THAT Defendant and Cross-Complainant SHARON GREEN

27  ("Green") hereby removes to this Court the action described below:

28

SEDGWICK
DETERT, MORAN & ARNOLD LLP

-1-

1     **STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**

2        1.      On April 24, 2007, an action was commenced by Plaintiff and Cross-Defendant

3     Fritzi Benesch ("Benesch") in the Superior Court of the State of California in and for the County

4     of San Francisco, entitled Fritzi Benesch v. Sharon Green; and Does One through Ten, inclusive,

5     Superior Court Case No. 07-462683.  A true and correct copy of the unverified Complaint

6     ("Complaint") is attached hereto as **Exhibit A.**

7        2.      The first date upon which Green was served with a copy of the Complaint was June

8     25, 2007, when Green was personally served with service of process at her business in Las Vegas,

9     Nevada.  Green received by process server the Summons, Civil Case Cover Sheet and Complaint.

10    True and correct copies of the Summons and Civil Cover Sheet are attached hereto as **Exhibit B.**

11       3.      Green filed an answer to the Complaint on July 24, 2007.  A true and correct copy

12    of the answer is attached hereto as **Exhibit C**.

13       4.      Green filed a cross-complaint against Benesch on July 24, 2007 for nonpayment of

14    legal fees owing to Green on the grounds of contract and quantum meruit.  A true and correct copy

15    of the cross-complaint is attached hereto as **Exhibit D**.

16       5.      Plaintiff and Cross-Defendant FRITZI BENESCH was, at the time of the filing of

17    this action, and still is, a citizen of the State of California, residing at her home in San Francisco,

18    California.

19       6.      Defendant and Cross-Complainant SHARON GREEN was, at the time of the filing

20    of this action, and still is, a citizen of the State of Nevada with her principle place of business at

21    1721 Waldman Avenue, Las Vegas, Nevada 89102.

22       7.      Defendant and Cross-Complainant SHARON GREEN was, at the time of the filing

23    of this action, and still is, the only named defendant.

24                              **JURISDICTION**

25       8.      As the appended record demonstrates, this action may be removed to this Court

26    pursuant to 28 U.S.C. § 1441(b) because this Court has original jurisdiction over this action

27    pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the litigants,

28

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

1    and it is facially apparent from the Complaint that the amount in controversy exceeds $75,000,

2    exclusive of interest and costs.

3        9.    The matter in controversy exceeds the sum of $75,000, exclusive of interest and

4    costs in that Benesch alleges that this is an unlimited civil case arising out of alleged damages,

5    legal fees and costs incurred by Benesch in the separate matter of <u>Fritzi Benesch v. Valli Benesch</u>

6    <u>Tandler et. al.</u>, San Francisco Superior Court Case No. 317187 ("Benesch Action"). (Exhibit A,

7    Complaint, paragraph 6.)

8        10.    Green represented Benesch in the Benesch Action, a breach of fiduciary

9    duty/fraud/negligence action wherein Benesch alleged that her daughter and son-in-law Valli and

10    Robert Tandler improperly effected the transfer of seventy to eighty million dollars worth of

11    Benesch's community property. A true and correct copy of Plaintiff's Amended Complaint filed

12    in <u>Fritzi Benesch v. Valli Benesch Tandler et. al.</u>, San Francisco Superior Court Case No. 317187

13    is attached as **Exhibit E**.

14        11.    Benesch contends that on or about April 17 and 18, 2006, she participated in a

15    mediation in San Francisco in an effort to arrive at a settlement of the Benesch Action. (Exhibit A,

16    Complaint, paragraph 5.)

17        12.    Benesch contends that at the conclusion of the mediation, she executed a settlement

18    term sheet, in reliance on Green's advice, with certain of the defendants in the Benesch Action.

19    Benesch further alleges that the settlement required for its consummation the subsequent consent

20    and participation of a third party, but that party's consent and participation were not provided.

21    Benesch claims that the settlement, at that point, should have been null and void, but Green failed

22    to ensure that the settlement term sheet accurately reflected the parties' mutual intent, and the

23    settling defendants moved to enforce the settlement notwithstanding the lack of consent on the part

24    of the third party. Benesch contends that she has incurred and continues to incur substantial legal

25    expenses in opposing the enforcement efforts, which would not have been incurred if Green had

26    seen to it that the settlement term sheet accurately reflected the parties' agreement. (Exhibit A,

27    Complaint, paragraph 6.)

28        13.    Since April 24, 2006, when Green substituted out of the Benesch Action as attorney

SEDGWICK
DETERT, MORAN & ARNOLD LLP

-3-

NOTICE OF REMOVAL AND DEMAND FOR JURY TRIAL

1  of record for Benesch, Benesch has retained at least three law firms, namely McGrane Greenfield

2  LLP, Liner Yankelevitz Sunshine Regenstrief LLP and Coblentz, Patch, Duffy & Bass LLP, to

3  represent her interests in opposing the Tandlers' enforcement efforts.   A true and correct copy of

4  the Substitution of Attorney of McGrane Greenfield LLP and Association of Counsel of Liner

5  Yankelevitz Sunshine Regenstrief LLP are collectively attached as **Exhibit F**.

6      14.    Benesch's efforts to oppose the Tandlers' enforcement efforts began on April 20,

7  2006 and continue to the present.  Benesch seeks to recover from Green all legal expenses incurred

8  in connection with opposing the Tandlers' enforcement efforts in the Benesch Action.  (Exhibit A,

9  Complaint, paragraph 6.)

10      15.    After a reasonable inquiry regarding Benesch's purported damages in the above-

11  captioned action and upon information and belief, the alleged legal expenses from defending

12  against the Tanders' enforcement action for more than a year will total far more than $75,000.

13  Federal Rule of Civil Procedure 11.  (Exhibit A, Complaint, paragraphs 6 and 10).

14      16.    This removal is timely, having been made within thirty days of the service of the

15  Summons and Complaint on Defendant.  28 U.S.C. § 1446(b).  Removal is also timely because

16  this Notice of Removal is filed no more than one year after the action was commenced in the state

17  court.

18                  **INTRADISTRICT ASSIGNMENT**

19      17.    Assignment to this Court is proper as the action is pending in San Francisco County

20  Superior Court.

21      18.    The presence of Doe Defendants in this case has no bearing on diversity with

22  respect to removal.  For purposes of removal under this chapter, the citizenship of defendants sued

23  under fictitious names shall be disregarded.  28 U.S.C. § 1441(a).

24      19.    Green reserves the right to amend or supplement this Notice of Removal.

25      20.    District court will not recharacterize a plaintiff as a defendant for removal purposes,

26  therefore, Benesch is not a "defendant" for purposes of assessing joinder to removal, despite being

27  sued by Green as a Cross-Defendant.  (See Shamrock Oil & Gas Corp. v. Sheets (1941) 313 U.S.

28  100, 107, 61 S.Ct. 868, 85 L. Ed 1214.)

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

-4-

1    21.    Green is the only defendant in this action, therefore, the only defendant hereby

2    consents to this removal. (See Lewis v. Rego Company, 757 F.2d 66; 68 (3rd Cir. 1985).)

3    22.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with

4    the Clerk of the Superior Court of the State of California, in and for the County of San Francisco.

5    23.    Pursuant to 28 U.S.C. § 1446(d), Defendant has served Plaintiff with a Notice to

6    State Court and Adverse Party of Removal to Federal Court and Jury Demand.

7    WHEREFORE, Defendant and Cross-Complainant SHARON GREEN hereby removes

8    the action now pending against her in the Superior Court of California, County of San Francisco.

9    **DEMAND FOR JURY TRIAL**

10    Pursuant to Federal Rule of Civil Procedure 38(b) Defendant and Cross-Complainant

11    SHARON GREEN hereby demands trial by jury of all issues appropriate for jury determination.

12

13    DATED: July 24, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

14

15    By:

16        Steven D. Wasserman
         Mark J. Hancock

17        Attorneys for Defendant and Cross-Complainant
         SHARON GREEN

18

19

20

21

22

23

24

25

26

27

**SEDGWICK**
DETERT, MORAN & ARNOLD    28

**EXHIBIT  A**

1 | JONATHAN R. BASS (State Bar No. 75779)
A. MARISA CHUN (State Bar No. 160351)
2 | COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
3 | San Francisco, California 94111-4213
Telephone: 415.391.4800
4 | Facsimile: 415.989.1663
Email:  ef-jrb@cpdb.com,
5 |        ef-amc@cpdb.com

6 | Attorneys for Plaintiff FRITZI BENESCH

**ENDORSED**
**F I L E D**
*San Francisco County Superior Court*

APR 2 4 2007

**GORDON PARK-LI, Clerk**
BY:_____PARAM NATT_____
                    Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

9 | FRITZI BENESCH,

10 |          Plaintiff,

11 |

12 | v.

13 | SHARON GREEN, and DOES 1 through 10, inclusive,

14 |          Defendants.

Case No.  **C G C - 0 7 - 4 6 2 6 8 3**

**COMPLAINT FOR PROFESSIONAL MALPRACTICE**

**CASE MANAGEMENT CONFERENCE SET**

SEP 2 1 2007 -9:00 AM

**DEPARTMENT 212**

17 | Plaintiff FRITZI BENESCH alleges:

### PARTIES

18 | 1.    Plaintiff Fritzi Benesch is a resident of San Francisco, California.

19 | 2.    Defendant Sharon Green is a resident of Clark County, Nevada. Green is an attorney at law, licensed to practice in the State of California. At all times relevant to this action, she held herself out to possess that degree of skill, ability and learning common to attorneys specializing in litigation.

23 | 3.    Plaintiff is unaware of the true names of the defendants sued as DOES 1 though 10. Plaintiff will amend this complaint when the true names of said defendants have been ascertained.

*(left margin vertical text)* COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

12670.001.596206v3                              1                              Case No. _____

**COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION
## (Professional Malpractice)

4.    In or about August 2000, Green filed an action, on plaintiff's behalf, entitled *Fritzi Benesch v. Valli Benesch Tandler*, San Francisco County Superior Court Case No. 317187 (the "Action").

5.    On or about April 17 and 18, 2006, plaintiff participated in a mediation in San Francisco, in an effort to arrive at a settlement of the Action.

6.    At the conclusion of the mediation, plaintiff executed a settlement term sheet, in reliance on Green's advice, with certain of the defendants in the Action. The settlement required for its consummation the subsequent consent and participation of a third party, but that party's consent and participation were not provided. The settlement should at that point have been null and void. But Green failed to ensure that the settlement term sheet accurately reflected the parties' mutual intent, and the settling defendants moved to enforce the settlement notwithstanding the lack of consent on the part of the third party. Plaintiff has incurred, and she continues to incur, substantial legal expenses in opposing the enforcement efforts. These expenses would not have been incurred if Green had seen to it that the settlement term sheet accurately reflected the parties' agreement.

7.    As plaintiff's attorney at the mediation, Green owed plaintiff a professional duty of care with respect to the representation. That duty included, among other things, the duty to provide adequate advice to plaintiff regarding the terms of any proposed settlement and to ensure that any settlement was properly documented.

8.    Green breached the professional duty of care owed by her to plaintiff.

9.    As a proximate result of Green's breach of duty, plaintiff executed a settlement term sheet that failed to adequately document the parties' actual agreement with respect to the requirement of the third party's consent.

10.    As a proximate result of said breach, plaintiff has suffered damages according to proof at trial.

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

1    **PRAYER**

2    WHEREFORE, Plaintiff prays for relief as follows:

3    1.    For damages according to proof;

4    2.    For costs of suit;

5    3.    For pre-judgment interest; and

6    4.    For such other and further relief as the Court deems proper.

7

8    DATED: April 24, 2007                    COBLENTZ, PATCH, DUFFY & BASS LLP

9

10                                         By:

11                                              JONATHAN R. BASS
                                              Attorneys for Plaintiff
                                              FRITZI BENESCH
12    .

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12670.001.596206v3                    3                    Case No. _____

**COMPLAINT FOR DAMAGES**

**EXHIBIT B**

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
| --- | --- |
| | (SOLO PARA USO DE LA CORTE) |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SHARON GREEN, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
FRITZI BENESCH

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | CASE NUMBER: |
| --- | --- |
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO<br>400 McAllister Street, Room 103, San Francisco, CA 94102 | *(Número del Caso):*<br>CGC-07-462683 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan R. Bass (Bar # 075779)
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, CA 94111

Phone No. (415) 391-4800
Fax No. (415) 989-1663

P. NATT

DATE:
*(Fecha)* APR 2 4 2007 Gordon Park-Li Clerk, by P. NATT Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

LexisNexis® Automated California Judicial Council Forms

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, address)*: | FOR COURT USE ONLY |
|---|---|

Jonathan R. Bass (State Bar # 075779)
Coblentz, Patch, Duffy & Bass LLP
One Ferry Building, Suite 200, San Francisco, CA 94111
TELEPHONE NO.: (415) 391-4800    FAX NO.: (415) 989-1663
ATTORNEY FOR *(Name)*: FRITZI BENESCH, Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street, Room 103
MAILING ADDRESS: same
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME: Civil Division

**ENDORSED**
**F I L E D**
San Francisco County Superior Court

APR 2 4 2007

GORDON PARK-LI, Clerk
BY: PARAM NATT
                    Deputy Clerk

| CASE NAME: | |
|---|---|
| Fritzi Benesch v. Sharon Green | |

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter   [ ] Joinder | CGC-07-462683 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[X] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve    in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action *(specify)*: /

5. This case [ ] is [X] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 24, 2007

JONATHAN R. BASS
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use | | |
|---|---|---|
| Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 3.220, 3.400–3.403; Standards of Judicial Administration, § 19 |
| CM-010 [Rev. January 1, 2007] | | www.courtinfo.ca.gov |

1  JONATHAN R. BASS (State Bar No. 75779)
   A. MARISA CHUN (State Bar No. 160351)
2  COBLENTZ, PATCH, DUFFY & BASS LLP
   One Ferry Building, Suite 200
3  San Francisco, California 94111-4213
   Telephone: 415.391.4800
4  Facsimile: 415.989.1663
   Email:   ef-jrb@cpdb.com,
5            ef-amc@cpdb.com

6  Attorneys for FRITZI BENESCH

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                **COUNTY OF SAN FRANCISCO**

10

11  FRITZI BENESCH,                          Case No. CGC-07-462683

12          Plaintiff,                       **PROOF OF SERVICE OF SUMMONS BY
                                             PERSONAL SERVICE**
13       v.
                                             Action Filed:    April 24, 2007
14  SHARON GREEN, and DOES 1 through 10,     Trial Date:      None Set
    inclusive,
15
            Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

12670.001.638459v1                                    Case No. CGC-07-462683

**PROOF OF SERVICE OF SUMMONS BY PERSONAL SERVICE**

COBLENTZ, PATCH, DUFFY & BASS LLP
ONE FERRY BUILDING, SUITE 200, SAN FRANCISCO, CALIFORNIA 94111-4213
415.391.4800 · FAX 415.989.1663

A. MARISA CHUN (SBN 160351)
COBLENTZ, PATCH, DUFFY & BASS, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111
Telephone: (415) 391-4800
Attorney for: Plaintiff

FOR COURT USE ONLY

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO

Plaintiff : FRITZI BENESCH,

Defendant : SHARON GREEN, et al.

Ref#: 216642   PROOF OF SERVICE OF SUMMONS   Case No.: CGC-07-462683

1. At the time of service I was at least eighteen years of age and not a party
   to this action.

2. I served copies of:
   SUMMONS; COMPLAINT FOR PROFESSIONAL MALPRACTICE; CIVIL CASE COVER SHEET;
   NOTICE TO PLAINTIFF; ADR INFORMATION PACKAGE; MEDIATION SERVICES PAMPHLET

3. a. Party served  : SHARON GREEN, ESQ.

4. Address where the party was served:
                    (Business)
                    1721 Waldman Ave.
                    Las Vegas, NV 89102

5. I served the party
   a. by personal service. I personally delivered the documents listed in item
      2 to the party or person authorized to receive service of process for
      the party (1) on: June 25, 2007 (2) at: 9:16 AM

## PROOF OF SERVICE OF SUMMONS

6. The "Notice to the Person Served" (on the summons) was completed as
   follows:
   a. as an individual defendant


7. Person who served papers:
   a. KEVIN R. SMITH
   b. SPECIALIZED LEGAL SERVICES, INC.
      1112 Bryant Street, Suite 200
      San Francisco, CA 94103
   c. Telephone number: (415) 357-0500
   d. The fee for service was: $242.50
   e. I am:
      (3) a registered California process server:
          (i) owner, employee or independent contractor
          (ii) Registration no.:
          (iii) County:


8. I declare under penalty of perjury under the laws of the State of California
   that the foregoing is true and correct.

Date: June 25, 2007


                    KEVIN R. SMITH


POS-010 Rev. January 1, 2007                          216642


## PROOF OF SERVICE OF SUMMONS

*Benesch v. Green, et al.*
San Francisco Superior Court, Case No. CGC-07-462683

1

## PROOF OF SERVICE

2 STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3   At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Francisco, State of California. My business address is One Ferry
4 Building, Suite 200, San Francisco, California 94111.

5   On June 25, 2007, I served true copies of the following document(s) described as

6 **PROOF OF SERVICE OF SUMMONS BY PERSONAL SERVICE**

7 on the interested parties in this action as follows:

8   Sharon Green, Esq.                     Steven D. Wasserman, Esq.
    1721 Waldman Avenue                    Sedgwick, Detert, Moran & Arnold, LLP
9   Las Vegas, NV 89102                    One Market Plaza
                                           Steuart Tower, 8th Floor
10                                         San Francisco, CA 94105

11 **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing,
12 following our ordinary business practices. I am readily familiar with Coblentz, Patch, Duffy & Bass LLP's practice for collecting and processing correspondence for mailing. On the same day
13 that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

14
    I declare under penalty of perjury under the laws of the State of California that the
15 foregoing is true and correct.

16   Executed on June 25, 2007, at San Francisco, California.

17

18                                            Paulann Dymond

19

20

21

22

23

24

25

26

27

28

12670.001.635662v1

**EXHIBIT C**

1  SEDGWICK, DETERT, MORAN & ARNOLD LLP
   STEVEN D. WASSERMAN  (Bar No. 88291)
2  MARK J. HANCOCK       (Bar No. 160662)
   SUNNY S. SHAPIRO      (Bar No. 221111)
3  One Market Plaza
   Steuart Tower, 8th Floor
4  San Francisco, California 94105
   Telephone: (415) 781-7900
5  Facsimile: (415) 781-2635

6  Attorneys for Defendant
   SHARON GREEN

7

8                SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF SAN FRANCISCO

10

11  FRITZI BENESCH,                    CASE NO. 462683

12          Plaintiff,                 **ANSWER OF DEFENDANT SHARON
                                       GREEN TO PLAINTIFF'S COMPLAINT**
13      v.
                                       Complaint Filed:    April 24, 2007
14  SHARON GREEN,                      Trial Date:         Not Set

15          Defendant.

16

17      Defendant SHARON GREEN (referred to herein as "Defendant") hereby answers the

18  Complaint (referred to herein as the "Complaint") of plaintiff FRITZI BENESCH (referred to

19  herein as "Plaintiff") as follows:

20      Pursuant to the provisions of Code of Civil Procedure §431.30(d), Defendant denies each

21  and every and all of the allegations of said Complaint, and deny that Plaintiff sustained damages

22  in the sum or sums alleged or in any other sum or at all.

23

24                          AFFIRMATIVE DEFENSES

25                        FIRST AFFIRMATIVE DEFENSE

26      Plaintiff's Complaint, and each and every cause of action thereof, fails to state facts

27  sufficient to constitute a cause of action against Defendant.

28

1

## SECOND AFFIRMATIVE DEFENSE

2      Plaintiff's Complaint, and each and every cause of action thereof alleged against

3 Defendant, is barred by the applicable statute of limitations, including but not limited to, Code of

4 Civil Procedure sections 337, 338, 339, 340.6, and 343.

5

## THIRD AFFIRMATIVE DEFENSE

6      Plaintiff's Complaint, and each and every cause of action thereof alleged against

7 Defendant, is barred by the equitable doctrine of laches.

8

## FOURTH AFFIRMATIVE DEFENSE

9      Plaintiff has failed to take proper and reasonable steps to avoid or mitigate her damages,

10 if any there were, and to the extent of such failure to mitigate, or avoid damages, any recovery by

11 Plaintiff should be reduced accordingly.

12

## FIFTH AFFIRMATIVE DEFENSE

13      Plaintiff was negligent and otherwise at fault in and about the matters alleged in the

14 Complaint and such negligence and fault bars and/or diminishes Plaintiff's recovery against

15 Defendant herein.

16

## SIXTH AFFIRMATIVE DEFENSE

17      Any and all losses and damages sustained by Plaintiff, if any there were, were

18 proximately caused by Plaintiff's knowing and intentional acts.

19

## SEVENTH AFFIRMATIVE DEFENSE

20      Plaintiff's injuries and damages, if any, were proximately caused by the negligence,

21 willful acts or liability of other parties, and Defendant requests that an allocation of such

22 negligence and liability be made among such other parties, and if any liability is found on the part

23 of Defendant, a judgment be only in the amount that is proportionate to the extent and percentage

24 by which Defendant's acts or omissions contributed to Plaintiff's damages, if at all in any

25 amount.

26

## EIGHTH AFFIRMATIVE DEFENSE

27      Plaintiff's injuries and damages, if any there were, were proximately caused by the

28 negligence, willful acts or liability of persons who are not parties to this action.

**SEDGWICK**
DETERT, MORAN & ARNOLD LLP

NINTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each and every cause of action thereof, is barred by the doctrine of unclean hands.

TENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting her claims herein by reason of her conduct with respect to the matters giving rise to this action.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff has waived the right to present her claims herein by reason of her conduct with respect to the matters giving rise to this action.

TWELFTH AFFIRMATIVE DEFENSE

Defendant fully and completely fulfilled her duties to Plaintiff, if any, and exercised proper care and skill in doing so.

THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not been damaged as a result of any reliance on any representation made by Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff relied on anything it alleges to have been a representation by Defendant, such reliance was neither reasonable nor justifiable.

FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of the matters giving rise to this action.

SIXTEENTH AFFIRMATIVE DEFENSE

The contributory negligence and/or comparative fault of Plaintiff is a superseding and/or intervening cause of her alleged losses, detriments, injuries, or damages.

SEVENTEENTH AFFIRMATIVE DEFENSE

One or more independent third party's negligence or other fault is a superseding and/or intervening cause of any alleged losses, detriments, injuries, or damages claimed by Plaintiff.

///

///

-3-

ANSWER OF DEFENDANT SHARON GREEN TO PLAINTIFF'S COMPLAINT

SEDGWICK
DETERT, MORAN & ARNOLD LLP

1 | EIGHTEENTH AFFIRMATIVE DEFENSE

2      Defendant alleges that she performed each of her obligations to Plaintiff, if any there

3 were, except those obligations which she was prevented and/or excused from performing by the

4 acts and/or omissions of Plaintiff and/or other individuals not named in the Complaint.

5 | NINETEENTH AFFIRMATIVE DEFENSE

6      Defendant alleges that to the extent Plaintiff alleges that Defendant had any obligation as

7 to which full performance has not been rendered or excused, there has been a failure of

8 consideration.

9 | TWENTIETH AFFIRMATIVE DEFENSE

10      Plaintiff has failed to state her claim with sufficient particularity to permit Defendant to

11 raise all appropriate defenses, and thus Defendant reserves the right to add additional defenses as

12 the factual basis for Plaintiff's claims become known.

13      WHEREFORE, Defendant prays for judgment as follows:

14      1.     That Plaintiff takes nothing from Defendant by way of her Complaint herein;

15      2.     That the Complaint herein be dismissed with prejudice as against Defendant and

16 judgment entered in favor of Defendant;

17      3.     That Defendant be awarded her costs of suit incurred herein; and

18      4.     For such other and further relief as the Court deems just and proper.

19

20 DATED: July 19, 2007               SEDGWICK, DETERT, MORAN & ARNOLD LLP

21

22

23                         By:

24                          Steven D. Wasserman
                          Mark J. Hancock

25                          Sunny S. Shapiro
                         Attorneys for Defendant
                         SHARON GREEN

26

27

**SEDGWICK**
28

-4-

ANSWER OF DEFENDANT SHARON GREEN TO PLAINTIFF'S COMPLAINT

*In Re Benesch v. Sharon Green*                                                    0003-001174
Superior Court of the State of California, County of San Francisco Case No. 462683

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On July 24, 2007, I served the within document(s):

**ANSWER OF DEFENDANT SHARON GREEN TO PLAINTIFF'S COMPLAINT**

☐    FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒    MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐    OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

Jonathan R. Bass                              Attorneys for Fritzi Benesch
A. Marisa Chun
Coblentz, Patch, Duffy & Bass LLP             Tel: (415) 391-4800
1 Ferry Bldg #200                             Fax: (415) 989-1663
San Francisco, CA 94111-4213

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 24, 2007, at San Francisco, California.

*Marlene Adelman*
Marlene Adelman

-1-
PROOF OF SERVICE

SF/1431572v1

**EXHIBIT  D**

1 | SEDGWICK, DETERT, MORAN & ARNOLD LLP
   | STEVEN D. WASSERMAN (Bar No. 88291)
2 | MARK J. HANCOCK      (Bar No. 160662)
   | SUNNY S. SHAPIRO     (Bar No. 221111)
3 | One Market Plaza
   | Steuart Tower, 8th Floor
4 | San Francisco, California 94105
   | Telephone: (415) 781-7900
5 | Facsimile: (415) 781-2635

6 | Attorneys for Defendant
   | SHARON GREEN
7 |

ENDORSED
FILED
San Francisco County Superior Court

JUL 9 4 2007

GORDON PARK-LI, CLERK
BY: _____WESLEY R. WINDEZ_____

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN FRANCISCO

10

11 | FRITZI BENESCH,                          | CASE NO. 462683

12 |          Plaintiff,                       | **CROSS-COMPLAINT OF SHARON**
    |                                          | **GREEN FOR ACCOUNT STATED AND**
13 |     v.                                    | **QUANTUM MERUIT**

14 | SHARON GREEN, and DOES 1 through          | Complaint Filed:   April 24, 2007
    | 10, inclusive,                           | Trial Date:        Not Set
15 |
    |          Defendants.
16 |

17 | SHARON GREEN,

18 |          Cross-Complainant,

19 |     v.

20 | FRITZI BENESCH, and ROES 1 through
    | 25, inclusive
21 |
    |          Cross-Defendants.
22

23        NOW COMES Cross-Complainant SHARON GREEN (referred to herein as "Green")

24 | and for a cause of action against plaintiff and cross-defendant FRITZI BENESCH (referred to

25 | herein as "Benesch") alleges as follows:

26                            **GENERAL ALLEGATIONS**

27        1.        Green is a resident of Las Vegas, Nevada. Green is an attorney licensed to practice

28 | law in California and Nevada.

**SEDGWICK**
ETERT, MORAN & ARNOLD LLP

                                   -1-
CROSS-COMPLAINT OF SHARON GREEN FOR ACCOUNT STATED AND QUANTUM MERUIT

1    2.    Fritzi Benesch is a resident of San Francisco, California.

2    3.    That the true names or capacities whether individual, corporate, associate or
3    otherwise, of cross-defendants ROES 1 through 25, inclusive, are unknown to Green, who
4    therefore sues said cross-defendants by such fictitious names. Green is informed and believes and
5    thereon allege that each of the fictitiously named cross-defendants is legally responsible in some
6    manner for the injuries and damages alleged herein and, therefore, Green requests that when the
7    true names and capacities of said fictitiously named cross-defendants are ascertained, it be
8    permitted to insert the same herein.

9    4.    Green is informed and believes and on such information and belief alleges that at
10    all times herein mentioned each of the cross-defendants was the agent, servant, or employee of
11    each of the other cross-defendants and was at all times acting within the scope of such agency
12    and employment.

13    5.    On or about August 2000, Green entered into a written fee agreement with
14    Benesch wherein Green agreed to provide legal services to Benesch, and Benesch agreed to pay
15    Green for the services provided, in connection with the case entitled Fritzi Benesch v. Valli
16    Benesch Tandler, et. al., San Francisco Superior Court Case No. CGC-00-317187 (referred to
17    herein as the "Tandler Matter").

18    6.    On or about April 24, 2006, Benesch terminated Green and retained new counsel,
19    William N. McGrane in the Tandler Matter.  On or about April 25, 2006 a substitution of
20    attorney was entered in the Tandler Matter substituting in Mr. McGrane as counsel of record for
21    Fritzi Benesch.  Green issued invoices to Benesch for services rendered and costs incurred.

22                          **FIRST CAUSE OF ACTION**
                              **(Account Stated)**
23

24    7.    Green re-alleges and incorporates Paragraphs 1 through 6 above as though fully
25    set forth herein.

26    8.    Within the last six years, in the County of San Francisco, California, an account
27    was stated in writing by and between Green and Benesch by which a balance in excess of
28    $50,000.00 was found due from Benesch to Green. An amount in excess of $50,000.00 is due

ꜱEDGWICK

1  and unpaid, despite demand by Green, plus prejudgment interest according to proof.

2  ## SECOND CAUSE OF ACTION
### (Quantum Meruit)

3

4  9.    Green re-alleges and incorporates Paragraphs 1 through 8 above as though fully
set forth herein.

5

6  10.    Within the last six years, within the County of San Francisco, California, Green

7  provided legal services to Benesch in connection with the Tandler Matter, at the special express

8  request of Benesch. The legal services provided by Green were at all times prudent, justified, fair

9  and reasonable. Benesch knew at all times that the legal services requested were being provided

10  by Green. Benesch accepted, used, and enjoyed the services provided by Green, and promised to

11  pay the reasonable value of said services. The services rendered by Green were intended to and

12  did benefit Benesch.

13  11.    At all times herein mentioned the above services and costs were and are of the

14  reasonable value in excess of $50,000.00. Neither the whole nor any part of which has been paid

15  although demand has been made. Green is therefore entitled to judgment against Benesch in an

16  amount in excess of $50,000.00 plus prejudgment interest according to proof.

17  WHEREFORE, Green prays for judgment against cross-defendants as follows:

18  1.    For damages in the excess of $50,000.00;

19  2.    For interest as allowed by law;

20  3.    For costs of suit; and

21  4.    For such other and further relief as the Court may deem proper.

22  DATED: July 19, 2007                SEDGWICK, DETERT, MORAN & ARNOLD LLP

23

24

25  By:

26  Steven D. Wasserman
Mark J. Hancock
Sunny S. Shapiro

27  Attorneys for Defendant and Cross-Complainant
SHARON GREEN

28

*In Re Benesch v. Sharon Green*                                                                0003-001174

Superior Court of the State of California, County of San Francisco Case No. 462683

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, California 94105. On July 24, 2007, I served the within document(s):

### CROSS-COMPLAINT OF SHARON GREEN FOR ACCOUNT STATED AND QUANTUM MERUIT

☐   FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒   MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐   PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via .

Jonathan R. Bass                                          Attorneys for Fritzi Benesch
A. Marisa Chun
Coblentz, Patch, Duffy & Bass LLP                Tel: (415) 391-4800
1 Ferry Bldg #200                                       Fax: (415) 989-1663
San Francisco, CA 94111-4213

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on July 24, 2007, at San Francisco, California.

*Marlene Adelman*
Marlene Adelman

-1-

PROOF OF SERVICE

SF/1431572v1

**EXHIBIT E**

1   SHARON GREEN, LAWYER
    California State Bar No. 43392
2   1721 Waldman Avenue
    Las Vegas, NV 89102
3   Tel: (702) 387-8124

4   DAVID R. BENJAMIN
    California State Bar No. 65178
5   BENJAMIN, WEILL & MAZER
    A Professional Corporation
6   235 Montgomery Street
    24th Floor
7   San Francisco, CA 94104
    Tel: (415) 421-0730

8   Attorneys for Plaintiff

9

10                          SUPERIOR COURT

11                      COUNTY OF SAN FRANCISCO

12

13  FRITZI BENESCH,                          CIVIL CASE NO. 317187
                                             Room 306, Hon. Kevin M. McCarthy
14                 Plaintiff,

15  vs.

16  VALLI BENESCH TANDLER,                   **AMENDED COMPLAINT FOR**
    Individually and as Trustee, ROBERT      **DAMAGES**
16  TANDLER, Individually and as Trustee        1. Breach of Fiduciary
17  ERNEST BENESCH, WILLIAM                       Duty;
    HOISINGTON, ORRICK, HERRINGTON            2. Constructive Fraud;
18  & SUTCLIFFE, LLP, a California Law        3. Professional Negligence;
    Firm, DOES 1 through 20, inclusive,      4. Financial Elder Abuse, Welfare &
19                                               Inst. C. §15657;
                   Defendants.                5. C.C. §3345 Penalties;
20                                            6. Negligence.

21                                           Complaint filed: August 8, 2000
                                             Trial Date: May 14, 2002
22

23          Plaintiff, Fritzi BENESCH, alleges:

24                          INTRODUCTION

25          1. This action arises from the wrongful conduct of the defendants in effecting the transfer

26  of seventy to eighty million dollars worth of Plaintiff's community property to Valli Benesch

27  Tandler, her husband, Robert Samuel Tandler, their children and trust entities controlled by them,

28  hereafter referred to collectively as "TANDLERS."

SHARON GREEN, LAWYER
1721 Waldman Avenue
Las Vegas, Nevada 89102
(702) 387-8124

                              1              *AMENDED COMPLAINT*

2. The plaintiff in this action is FRITZI BENESCH, ("FRITZI") the wife of Ernest Benesch, the mother of two daughters, Valli Benesch Tandler, and Connie Benesch; FRITZI was a client of the Orrick, Herrington & Sutcliffe, Law Firm and Attorney William Hoisington. FRITZI and Ernest Benesch are presently separated.

3. Plaintiff FRITZI is a resident of California, with her home in San Francisco, California. FRITZI was one of the two founders of Fritzi California, a San Francisco clothing manufacturer which FRITZI and her husband started in 1946.    Plaintiff is informed and believes that Fritzi Realty was originally formed as a California corporation by FRITZI and her husband to hold title to commercial real estate properties they acquired with their earnings.    The real estate was acquired between 1950 and 1970 by FRITZI and her husband, long before their daughter, VALLI BENESCH, joined their well established clothing company.   FRITZI does not know how Fritzi Realty was affected by corporate reorganizations which may have occurred prior to December 1998. In December 1998, the assets of Fritzi California, including the name, were sold to a third party and the Fritzi California corporation changed its name to Fritzi Realty.

4. Ernest Benesch ("ERNEST") is the husband of FRITZI. They were married in 1946. ERNEST was President of Fritzi California from its inception until Valli succeeded him, and then he became Chairman until his retirement. He is a resident of San Francisco, California

5. Valli Benesch Tandler ("VALLI") is an attorney, and a member of the State Bar of California (inactive). She is the older daughter of FRITZI and ERNEST. She was hired by Fritzi California in 1978, and five years later became President of the company.   She resides in San Francisco, California

6. Robert Tandler ("ROBERT") is an attorney, and a member of the State Bar of California (inactive). He married VALLI in 1983. He was hired by Fritzi California shortly thereafter. Along with other functions, he served as the General Counsel of Fritzi California. He resides in San Francisco, California.

7. Defendant William Hoisington ("HOISINGTON") is a resident of Contra Costa County, and has been an attorney at law, licensed to practice by the California State Bar since 1961. At

*AMENDED COMPLAINT*

1    times relevant to the action he maintained his law office in San Francisco, California, and held

2    himself out to possess that degree of skill, ability and learning common to lawyers specializing in

3    estate planning. He represented FRITZI from January 1977, to August 14, 1999. HOISINGTON

4    has maintained his law office in Lafayette, California from approximately March 31, 1999, to the

5    present.

6        8. Plaintiff is informed and believes, and on such grounds alleges that defendant ORRICK,

7    HERRINGTON & SUTCLIFFE, LLP, ("ORRICK") at all relevant times was a law partnership

8    organized and existing under the laws of the State of California, with its principal place of business

9    at San Francisco, California. HOISINGTON and other lawyers with the firm who performed legal

10   services for FRITZI were agents, employees, associates, partners or principals of ORRICK, and

11   the acts alleged in this complaint occurred within the course and scope of such agency and

12   employment. Defendant law firm, authorized, ratified or affirmed each act or omission of

13   HOISINGTON and each individual DOE defendant acting as an agent.

14       9. Plaintiff is unaware of the true names and capacities of the defendants sued as DOES

15   1 through 20. Plaintiff will amend her complaint when the true names and capacities have been

16   ascertained. Plaintiff is informed and believes, and on such grounds alleges that each DOE

17   defendant is responsible in some actionable manner for the events, occurrences, injuries and

18   damages alleged herein.

19       10. Plaintiff is informed and believes, and on such grounds alleges that at all relevant

20   times each of the individual defendants was the authorized agent of each of their individual

21   co-defendants, and each was acting within the course, scope and authority of said agency.

22       11. Plaintiff is informed and believes, and on such grounds alleges that the individual

23   defendants, VALLI, ROBERT, and ERNEST, agreed and conspired among themselves, and with

24   others (DOE defendants) to commit the acts which injured the plaintiff, and each co-conspirator

25   committed the acts alleged herein in furtherance of their conspiracy.

26                    FACT ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

27       12. In 1977, FRITZI and ERNEST retained ORRICK and HOISINGTON to represent

28   them as attorneys, for advice including advice on an estate plan, asset preservation, the investment

3        *AMENDED COMPLAINT*

1   and management of income producing properties, related tax planning, and preparation of trusts

2   and wills.     An attorney client relationship existed between FRITZI and ORRICK and

3   HOISINGTON from 1977 to August 14, 1999, when HOISINGTON informed FRITZI that he

4   could no longer represent her due to a conflict of interest, resulting from FRITZI'S decision to

5   separate from ERNEST.

6          13. In 1977, HOISINGTON prepared a new Will for FRITZI and a related revocable trust

7   agreement for FRITZI and ERNEST. These documents were executed on March 16, 1977. One

8   of FRITZI'S principal objectives, expressed in these instruments, was the goal of providing

9   equally for her two daughters, VALLI and Connie Benesch. As their mother, FRITZI stated and

10  believed, as VALLI knew, that each daughter should share equally in the wealth the parents had

11  accumulated during the parents' lifetime; this opinion of FRITZI did not change.

12         14. December 22, 1976, VALLI was admitted to the State Bar of California. After

13  practicing law for two years with the law firm of Brobeck, Phleger & Harrison, VALLI was hired

14  as Vice President of Fritzi California. She served as ERNEST'S assistant for five years, and then

15  she was elected to the position of President and Chief Executive Officer of Fritzi California.

16         15. In 1981, VALLI retained HOISINGTON and the ORRICK firm to advise her on

17  estate, corporate, and tax matters. HOISINGTON and ORRICK accepted the retention in spite

18  of the inherent conflict of interest in representing her at the same time these defendants

19  represented VALLI'S parents. They did not seek a waiver of the conflict from FRITZI - in fact

20  neither of them ever informed FRITZI that they were also representing VALLI, nor did they ever

21  inform FRITZI that they were representing ROBERT. There was an actual conflict from the time

22  VALLI began reviewing FRITZI'S Will and Trust Agreements, which were forwarded to VALLI

23  by HOISINGTON without FRITZI'S knowledge or consent. The actual conflict arose from the

24  fact that VALLI used the information thus obtained to manipulate the transactions to get more than

25  her fair share of the family wealth. The conflicted representation continued until August 14, 1999.

26  From 1981 to August 14, 1999, plaintiff is informed and believes, HOISINGTON consulted

27  VALLI regarding each and every change to FRITZI'S Will and each and every change to

28  FRITZI'S Trust Agreements, and improperly disclosed FRITZI'S confidences to VALLI without

1  consent. Drafts of such documents were forwarded by HOISINGTON to VALLI for VALLI'S

2  approval before being presented to FRITZI, all without FRITZI'S knowledge or consent.  The

3  first time FRITZI had truly independent counsel was after her separation from ERNEST, when

4  she retained a family law attorney.  When FRITZI reviewed the documents obtained by her family

5  law attorney she discovered the extent of the transfers to TANDLERS for the first time. She could

6  not have made this discovery earlier, as she did not have independent counsel representing her in

7  the family wealth transactions.

8      16.  Between 1981 and August 14, 1999, HOISINGTON and VALLI, through various

9  amendments to FRITZI'S trust agreements, and other gifts through instruments created by

10  HOISINGTON, transferred 70% of the stock in Fritzi California, now known as Fritzi Realty, to

11  the TANDLERS.  It was never explained to FRITZI by VALLI, ROBERT, HOISINGTON or

12  any member of the ORRICK firm what the true extent of the interests transferred to the

13  TANDLERS was.  Nor was FRITZI informed that transfers of shares in the Fritzi California

14  clothing company transferred like percentage interests in the commercial real estate to the

15  TANDLERS. The defendants fraudulently concealed this information from FRITZI. Due to their

16  fraudulent concealment and her lack of independent legal counsel, FRITZI did not, and could not

17  have discovered the defendants' wrongdoing earlier than she did, which was in September, 1999,

18  when her family law attorney received a portion of FRITZI'S files from ORRICK.

19      17.  In September 1999, FRITZI first discovered that stock transfers to the TANDLERS

20  had caused 70% of the stock in Fritzi California/Fritzi Realty to be owned by TANDLERS.  At

21  the same time she first discovered that only 11% of the stock was held by the Trust for Connie

22  Benesch, and only 17% of the stock remained in the possession of FRITZI and ERNEST through

23  their own trust.  Numerous transactions resulted in the transfer of 70% of the stock and plaintiff

24  cannot presently identify all of them.  The identities of all such transactions are known to the

25  defendants.

26      18.  In the last quarter of 1999, FRITZI learned for the first time, with the help of her

27  family law attorney that her assets were inadequate for her support  in large part due to the

28  transfers of her assets to TANDLERS,  and she was advised by her family law attorney to reduce

1   her standard of living When FRITZI explained these circumstances to VALLI, VALLI promptly

2   and clearly informed FRITZI that VALLI would not contribute to FRITZI'S support.    VALLI

3   also refused to honor the company's agreement to pay salaries to her father and mother.

4        19. Contemporaneously with FRITZI'S discovery that the extent of the assets which had

5   been transferred to TANDLERS far exceeded anything FRITZI had ever knowingly authorized,

6   and that her daughter Connie had been left with only 11% of the assets, FRITZI also learned that

7   after she had resigned from the Board of Directors of Fritzi California in December 1998, which

8   she did believing that her resignation was required as part of the sale of assets of the clothing

9   company to Kellwood in December 1998, there was an election of directors for the board of the

10   surviving company - Fritzi Realty - in January 1999 and only VALLI, ROBERT and ERNEST

11   were elected to the Board of Directors of Fritzi Realty, leaving FRITZI off the board. She was

12   denied access to financial information about the company as a result. Had she been informed of

13   the true facts FRITZI would never have consented to: (a) create a situation where she could not

14   leave Connie 50% of the family wealth; nor (b) give up more than 50% of the company during

15   her lifetime.

16        20. HOISINGTON and ORRICK breached their duty of loyalty to FRITZI when they

17   agreed to concurrently represent VALLI and ROBERT. Such representation was a conflict of

18   interest with their representation of FRITZI. The conflict caused HOISINGTON to recommend

19   transactions to ERNEST which were detrimental to FRITZI and for the exclusive benefit of

20   TANDLERS.    Plaintiff is informed and believes that HOISINGTON was induced to, and

21   participated in creating transactions which were detrimental to FRITZI because of the conflict of

22   interest. HOISINGTON and ORRICK breached the standard of care because they failed to exercise

23   that degree of diligence, knowledge, care and skill common to members of the legal profession

24   and in particular to members of the legal profession who represent clients for the purpose of estate

25   planning. They breached the duty of confidentiality by revealing FRITZI'S confidences to VALLI

26   without FRITZI'S consent.

27        21. ERNEST breached his fiduciary duties to FRITZI, including those set forth in Family

28   Code §1100, *et seq.*, when he engaged in self dealing with their trust, and transferred trust and

SHARON GREEN, LAWYER
1721 Waldman Avenue
Las Vegas, Nevada 89102
(702) 387-8124

6        *AMENDED COMPLAINT*

1    community property assets to TANDLERS while failing to inform FRITZI of the true nature,

2    extent and amount of the assets transferred.

3        22. VALLI breached her fiduciary duties to FRITZI by engaging in self dealing with Fritzi

4    California stock, by engaging HOISINGTON and ORRICK as her personal attorneys, using

5    FRITZI'S confidential information gained from HOISINGTON to disadvantage FRITZ and by

6    failing to disclose the true nature and extent of the asset transfers to TANDLERS.

7        23. ROBERT breached his fiduciary duties, and abused his authority as General Counsel

8    to Fritzi California by engaging in self dealing with Fritzi California stock, by his failure to fully

9    disclose to FRITZI the true effects of each of the various transactions by which TANDLERS

10   gained 70% of the assets once held jointly by FRITZI and ERNEST. ROBERT further breached

11   his fiduciary duties to FRITZI by engaging HOISINGTON and ORRICK as his personal attorneys,

12   knowing that such engagement was a conflict of interest with their representation of FRITZI, and

13   plaintiff is informed and believes that when HOISINGTON raised the conflict of interest issue with

14   ROBERT, ROBERT insisted that HOISINGTON and ORRICK continue the conflicted

15   representation. ROBERT also failed to disclose the true nature and extent of the asset transfers

16   to TANDLERS.

17                        FIRST CAUSE OF ACTION
                  (Breach of Fiduciary Duty Against VALLI)

18

        24.  Plaintiff incorporates paragraphs 1 through 23 herein.

19

20      25. By reason of: (A.) the mother and daughter relationship between FRITZI and VALLI;

        (B.) VALLI'S training and experience as a lawyer; and (C.) VALLI'S position as President of
21
        Fritzi California, FRITZI reposed her trust and confidence in VALLI. VALLI was at all times
22
        aware of her mother's trust, and accepted the fiduciary obligations imposed by such entrustment.
23
        26. Plaintiff is informed and believes, and on such grounds alleges that VALLI retained
24
        defendant HOISINGTON as her own attorney in order to gain access to confidential information
25
        about FRITZI'S Wills and Trust Agreements, which information VALLI used, not for the benefit
26
        of advising FRITZI, but for VALLI'S own benefit.  VALLI suggested revisions to such
27
        documents which would benefit VALLI. Such revisions were incorporated in FRITZI'S Will and
28

her trust agreements by HOISINGTON before the documents were presented to FRITZI.

27. VALLI further breached her fiduciary duties to FRITZI by first inducing FRITZI not to attend meetings of the Board of Directors of Fritzi California, and ultimately by inducing FRITZI to resign from the Board in 1998, with no intention of permitting her to be re-elected.

28. VALLI further breached her fiduciary duties to FRITZI by failing to disclose to FRITZI that the transfers of shares of Fritzi California stock to TANDLERS also effectively transferred interests in the real property to TANDLERS. VALLI knew, or should have known, that FRITZI did not understand the corporate structure VALLI had devised for Fritzi California and Fritzi Realty, and did not know that ownership of the real property was being transferred to VALLI with the Fritzi California stock. VALLI knew that FRITZI believed VALLI and her sister Connie should share equally in the wealth accumulated by their parents. VALLI also knew that FRITZI was not aware that the transactions VALLI, ERNEST and HOISINGTON had created were transferring more than 50% of the clothing company to TANDLERS. VALLI had a duty to disclose this information to FRITZI, and she concealed it.

29. VALLI further knew, or should have known, that FRITZI did not understand the effect of the documents, trust agreements, stock option agreements, and the like which FRITZI was asked to sign. VALLI knew, or should have known, that in light of her mother's education and work experience, FRITZI could not have been given adequate explanations by ERNEST. VALLI also knew that FRITZI did not have independent legal counsel advising her because HOISINGTON and ORRICK had a conflict of interest.

30. VALLI knew, or should have known, that FRITZI did not freely consent to the transactions set forth in paragraph 17 above. VALLI knew that FRITZI did not truly participate in the transactions, which were constructed by ERNEST, VALLI and HOISINGTON without consulting FRITZI. VALLI knew that FRITZI'S sole participation was to execute the documents which were presented to her.

31. VALLI knew that FRITZI was not adequately protected by the transactions, and that she did not receive adequate consideration in any of the transactions, all of which benefitted VALLI. VALLI never fully disclosed her personal stake in any of these transactions to FRITZI.

1  VALLI benefitted from these transactions because through them she obtained FRITZI'S assets.

2  VALLI knew that the transactions were not fair and reasonable to FRITZI.

3  32. FRITZI did not consent to the transfer of 70% of the stock and real estate to

4  TANDLERS and could not have consented because FRITZI did not know until after August 14,

5  1999, the true extent of such transfers.

6  33. By reason of VALLI'S breach of fiduciary duty FRITZI is entitled to recover special

7  damages including the costs and legal fees paid to ORRICK, which were expended in preparation

8  of the transaction documents identified in paragraph 17. The exact amount of the damages thus

9  incurred has not been fully ascertained, but is subject to proof at trial; the damages are in excess

10  of the threshold jurisdictional limits of this court.

11  34. As a further legal result of VALLI'S breach of fiduciary duty FRITZI has suffered

12  general damages, including loss of the assets transferred to TANDLERS; the amount of such

13  damages has not yet been fully ascertained and is subject to proof at trial; such damages are in

14  excess of the threshold jurisdictional limits of this court.

15  35. FRITZI is also entitled to recover compensatory damages for the value of lost income

16  for the use of property, and costs and expenses of this action.

17  36. [Deleted].

18  37. By reason of VALLI'S breach of fiduciary duty, FRITZI is entitled to recission of the

19  transfers of assets to TANDLERS, and disgorgement of profits earned by the TANDLERS as a

20  result of the transactions.

21  38. By reason of VALLI'S breach of fiduciary duty, FRITZI is entitled to an award of

22  punitive damages for the purpose of punishing VALLI and to deter her and others from such

23  conduct in the future.

24  SECOND CAUSE OF ACTION
(Breach of Fiduciary Duty Against ROBERT)

25  39. Plaintiff incorporates paragraphs 1 through 23, and 25 through 32 herein.

26  40. By reason of: (A) ROBERT'S position as General Counsel of Fritzi California; (B)

27  his training and experience as a lawyer; and (C) his position as a corporate officer of Fritzi

28

9  *AMENDED COMPLAINT*

1 | California, and (D) was marriage to her daughter, FRITZI reposed her trust and confidence in

2 | ROBERT.  ROBERT was at all times aware of his mother-in-law's trust, and accepted the

3 | fiduciary obligations imposed by such entrustment.

4 | 41. Plaintiff is informed and believes, and on such grounds alleges that ROBERT retained

5 | defendant HOISINGTON as his personal attorney in order to gain access to confidential

6 | information about FRITZI'S Wills and Trust Agreements, which information ROBERT used, not

7 | for the benefit of advising FRITZI, but for ROBERT'S own benefit.

8 | 42. ROBERT further breached his fiduciary duties to FRITZI by first inducing FRITZI

9 | not to attend meetings of the Board of Directors of Fritzi California by failing to give her adequate

10 | written notice, and then by failing to give her any notice at all, ultimately inducing FRITZI to

11 | resign from the Board of Fritzi California and not re-electing her after the sale of assets of the

12 | clothing company.

13 | 43. ROBERT further breached his fiduciary duties to FRITZI by failing to disclose to

14 | FRITZI that the transfers of shares of Fritzi California stock to TANDLERS also effectively

15 | transferred interests in the real property to TANDLERS. ROBERT knew, or should have known,

16 | that FRITZI did not understand the corporate structure VALLI had devised for Fritzi California

17 | and Fritzi Realty, and did not know that ownership of the real property was being transferred to

18 | TANDLERS with the Fritzi California stock.  ROBERT had a duty to disclose this information

19 | to FRITZI, and he concealed it.

20 | 44. ROBERT further knew, or should have known, that FRITZI did not understand the

21 | effect of the documents, trust agreements, stock option agreements, and the like which FRITZI

22 | was asked to sign. ROBERT knew, or should have known, that in light of FRITZI'S education

23 | and work experience, FRITZI was given inadequate explanations by ERNEST. FRITZI did not

24 | have independent legal counsel advising her because HOISINGTON and ORRICK had a conflict

25 | of interest.

26 | 45. ROBERT knew, or should have known, that FRITZI did not freely consent to the

27 | transactions set forth in paragraph 17 above.  ROBERT knew that FRITZI did not truly

28 | participate in the transactions, which were constructed by ERNEST, VALLI and HOISINGTON

without consulting FRITZI. ROBERT knew, or should have known that FRITZI'S sole participation was to execute the documents which were presented to her.

46. ROBERT knew that FRITZI was not adequately protected by the transactions, and that she did not receive adequate consideration in any of the transactions, all of which benefitted TANDLERS. ROBERT never fully disclosed his personal stake in any of these transactions to FRITZI. ROBERT benefitted from these transactions because through them TANDLERS obtained FRITZI'S assets. ROBERT knew that the transactions were not fair and reasonable to FRITZI.

47. FRITZI did not consent to the transfer of 70% of the stock and real estate to TANDLERS and could not have consented because FRITZI did not know until after August 14, 1999 the true extent of such transfers.

48. By reason of ROBERT'S breach of fiduciary duty FRITZI is entitled to recover special damages including the costs and legal fees paid to ORRICK, which were expended in preparation of the transaction documents identified in paragraph 17. The exact amount of the damages thus incurred has not been fully ascertained, but is subject to proof at trial; the damages are in excess of the jurisdictional limits of this court.

49. As a further legal result of ROBERT'S breach of fiduciary duty FRITZI has suffered general damages, including loss of the assets transferred to TANDLERS; the amount of such damages has not yet been fully ascertained and is subject to proof at trial; such damages are in excess of the jurisdictional limits of this court.

50. FRITZI is also entitled to recover compensatory damages for the value of lost income for the use of property, and costs and expenses of this action.

51. [Deleted].

52. By reason of ROBERT'S breach of fiduciary duty, FRITZI is entitled to recission of the transfers of assets to TANDLERS, and disgorgement of profits earned by the TANDLERS as a result of the transactions.

53. By reason of ROBERT'S breach of fiduciary duty, FRITZI is entitled to an award of punitive damages for the purpose of punishing ROBERT and to deter him and others from such conduct in the future.

### THIRD CAUSE OF ACTION
(Constructive Fraud Against VALLI and ROBERT)

54.  FRITZI incorporates Paragraphs 1 through 23, 25 through 32, and 40 through 47 herein.

55.  VALLI and ROBERT gained advantage over FRITZI through their breaches of duty which are alleged in this complaint.

56.  The conduct of VALLI and ROBERT alleged herein misled FRITZI to her prejudice, and was the legal cause of millions of dollars worth of FRITZI'S assets being transferred to TANDLERS without FRITZI'S full understanding of what was occurring.

57.  Such conduct constitutes constructive fraud on the part of VALLI and ROBERT.

58.  To remedy such constructive fraud, FRITZI is entitled to an accounting, recission of the fraudulent transactions, the imposition of a constructive trust, and reformation of trust agreements, including but not limited to removal of VALLI and ROBERT as trustees, and reformation of title to real property.

59.  As a result of the constructive fraud of VALLI and ROBERT, FRITZI has suffered general damages, the total amount of which has not yet been fully ascertained, and is subject to proof at trial.  The amount of such damage exceeds the jurisdictional threshold limit of this court.

### FOURTH CAUSE OF ACTION
(Breach of Fiduciary Duty Against ERNEST)

60.   Plaintiff incorporates paragraphs 1 through 23, 25 through 32 and 40 through 47 herein.

61.  By reason of ERNEST'S marriage to FRITZI, he owed a fiduciary obligation to her as his wife.  FRITZI reposed her trust and confidence in ERNEST, and he was at all times aware that she trusted and relied on him

62.  Plaintiff is informed and believes, and on such grounds alleges that ERNEST was aware that VALLI and ROBERT had retained defendant HOISINGTON as their personal attorney in order to gain access to confidential information about FRITZI'S Wills and Trust Agreements, which information VALLI and ROBERT used, not for the benefit of advising FRITZI, but for their own benefit.

1    63. ERNEST breached his fiduciary duties to FRITZI, by failing to disclose to FRITZI

2  that the transfers of shares of Fritzi California stock to TANDLERS also effectively transferred

3  interests in the real property to TANDLERS. ERNEST knew, or should have known, that

4  FRITZI did not understand the corporate structure VALLI had devised for Fritzi California and

5  Fritzi Realty, and did not know that ownership of the real property was being transferred to

6  TANDLERS with the Fritzi California stock. ERNEST had a duty to disclose this information

7  to FRITZI, and he negligently failed to do so.

8    64. ERNEST further knew, or should have known, that FRITZI did not understand the

9  effect of the documents, trust agreements, stock option agreements, and the like which FRITZI

10  was asked to sign. ERNEST knew, or should have known, that in light of FRITZI'S education

11  and work experience, he would be, and was, unable to adequately explain the documents to

12  FRITZI, and he did not take any steps to insure that she understood what was occurring, or the

13  effect of the documents she was signing. ERNEST was also aware that HOISINGTON made no

14  effort to determine whether FRITZI understood that she was transferring the bulk of her estate to

15  TANDLERS, and ERNEST made no analysis of FRITZI'S needs, nor did he make any

16  determination of whether she had retained adequate assets to insure she could continue to live in

17  the manner to which she had become accustomed.

18    65. ERNEST knew, or should have known, that FRITZI did not freely consent to the

19  transactions set forth in paragraph 17 above. ERNEST knew that FRITZI did not truly participate

20  in the transactions, which were constructed by ERNEST, VALLI and HOISINGTON without

21  consulting FRITZI. ERNEST knew that FRITZI'S sole participation was to execute the

22  documents which were presented to her.

23    66. ERNEST should have known that FRITZI was not adequately protected by the

24  transactions, and that she did not receive adequate consideration in any of the transactions, all of

25  which benefitted TANDLERS. ERNEST knew that the transactions were not fair and reasonable

26  to FRITZI, and that their daughter Connie was receiving far less than her fair share of the family

27  wealth.

28    67. FRITZI did not consent to the transfer of 70% of the stock and real estate to

13        *AMENDED COMPLAINT*

1  TANDLERS, because FRITZI did not know until after August 14, 1999, that such transfers had

2  occurred.

3      68.   By reason of ERNEST'S breach of fiduciary duty FRITZI has suffered general

4  damages, including loss of the assets transferred to TANDLERS; the amount of such damages has

5  not yet been fully ascertained and is subject to proof at trial; such damages are in excess of the

6  jurisdictional limits of this court.

7      69.  FRITZI is entitled to recover compensatory damages for the value of lost income for

8  the use of property, and costs and expenses of this action.

9      70. [Deleted].

10      71.  By reason of ERNEST'S breach of fiduciary duty, FRITZI is entitled to recission of

11  the transfers of assets to TANDLERS, and disgorgement of profits earned by the TANDLERS as

12  a result of the transactions.

13  ### FIFTH CAUSE OF ACTION
(Professional Negligence against HOISINGTON and ORRICK)

14

15  72.  Plaintiff incorporates paragraphs 1 through 23, 25 through 32, 40 through 47, and 55

through 61 herein.

16

17  73.   In  1977  FRITZI  and  ERNEST  retained  HOISINGTON  and  ORRICK

("ATTORNEYS") as their attorneys.  The attorney-client relationship continued until August 14,

18  1999.

19

20  74.  From approximately 1978 through August 14, 1999, ATTORNEYS breached their

duty of care, causing FRITZI injury.  Their breach of duty includes but is not limited to the

21  following acts and omissions:

22

23      (a)  Defendants failed to consult with or properly advise FRITZI, and failed to

determine that she understood the effect and consequences of signing the transaction

24  documents they prepared, and they failed to meet face to face with her to give her the

25  explanations required;

26

27      (b)  Defendants unreasonably relied on ERNEST to explain the effect and

consequences of the transaction documents they prepared for FRITZI'S signature;

28

14      *AMENDED COMPLAINT*

1    (c) endants breached the duty of loyalty agreeing to represent VALLI and

2    ROBERT without informing FRITZI and without obtaining the consent of FRITZI in

3    writing, which was required because of the inherent conflict of interest;

4    (d) Defendants failed to advise FRITZI that the documents she was asked to sign

5    to save taxes would transfer 70% of her assets (held in trust for her benefit or otherwise)

6    to TANDLERS, FRITZI is informed and believes that these transfers were to her detriment

7    and were caused in part by the conflict of interest in ATTORNEYS' representation of

8    VALLI and ROBERT;

9    (e) They failed to analyze FRITZI'S needs to determine if the estate plan they had

10   prepared and advised her to execute would leave her with adequate resources to support

11   her in the manner in which she had become accustomed;

12   (f) Defendants failed to obtain any assurances from the TANDLERS that they

13   would provide economic assistance to FRITZI if FRITZI requested such, although

14   ATTORNEYS were aware the plan they devised might strip FRITZI of the resources she

15   needed for her support;

16   (g) They failed to determine whether the agreements set forth in paragraph 17 were

17   reasonable and fair to FRITZI;

18   (h) They failed to adequately investigate the underlying law and facts and failed

19   to make an adequate disclosure to FRITZI of the consequences of entering into the

20   transactions they had structured with ERNEST and VALLI, including the probable effect

21   on Connie Benesch;

22   (i) They failed to evaluate and advise FRITZI concerning the effect on her real

23   estate holdings if she entered into the transactions identified in paragraph 17;

24   (j) ATTORNEYS failed to advise FRITZI that a conflict of interest existed in their

25   representation, particularly in connection with the transfers to VALLI and ROBERT, this

26   conflict was an actual conflict which was not capable of being waived;

27   (k) ATTORNEYS failed to obtain a written waiver of any of the conflicts and they

28   did not advise FRITZI to seek the advice of independent counsel before entering into the

15                    *AMENDED COMPLAINT*

1    transactions RITZI signed the agreements with independent counsel or advice.

2    75. As a result of the attorney-client relationship, ATTORNEYS impliedly agreed that

3    they would take all steps necessary to see that plaintiff obtained the full benefits of loyal and

4    diligent representation, and the attorneys covenanted not to do anything to deprive FRITZI of the

5    benefits she expected to receive as a result of their legal representation of her.

6    76. Due to the fiduciary relationship which existed between ATTORNEYS and FRITZI,

7    they had a duty to fully inform her of any actions taken by them which affected her substantive

8    rights, and to insure that her consent was fully informed and voluntarily given; this they repeatedly

9    failed to do. They breached the duty of diligence by failing to personally consult with FRITZI.

10    They mailed or sent the documents reflecting the transactions in paragraph 17 above to her for her

11    signature; FRITZI is informed and believes they relied on others to explain the transactions. The

12    few explanatory letters which were prepared were incomprehensible to her, as they would have

13    been to any layperson.

14    77. As a result of the attorney-client relationship, ATTORNEYS had a duty to make full

15    disclosure to FRITZI of the true status of their representation of VALLI and ROBERT and obtain

16    her consent in writing to the conflict of interest. They failed to make any such disclosure and did

17    not obtain her consent.

18    78. ATTORNEYS breached the standard of care, and the duty of loyalty by revealing

19    confidential information to VALLI when they sent drafts of FRITZI'S will and trust agreements

20    to VALLI for revisions desired by VALLI without FRITZI'S consent or knowledge.

21    79. Each and every one of the ATTORNEYS was aware that FRITZI would be injured

22    and damaged if they breached their duty of care as attorneys.

23    80. As a result of the ATTORNEYS' breach of duty FRITZI entered into agreements

24    which were inadvisable on their face, and which contained terms and conditions the defendants

25    knew, or should have known, were unreasonable and unfair to FRITZI.

26    81. As a legal result of the ATTORNEYS' negligence FRITZI suffered injury and

27    damages in an amount which has not been fully ascertained, but is subject to proof at trial. Such

28    damages exceed the threshold jurisdictional limits of this court.

1      82.  Due t[...]e conflict of interest inherent in AT[...]RNEYS' representation of FRITZI

2      while also representing VALLI and ROBERT, FRITZI is entitled to have all of the fees paid to

3      ORRICK refunded to her.

4      83.  By reason of ATTORNEYS' breach of fiduciary duty FRITZI is entitled to recover

5      special damages including the costs and legal fees paid to ORRICK, which were expended in

6      preparation of the transaction documents identified in paragraph 17.  The exact amount of the

7      damages thus incurred has not been fully ascertained, but is subject to proof at trial; the damages

8      are in excess of the jurisdictional limits of this court.

9      84.  As a further legal result of ATTORNEY'S breach of fiduciary duty FRITZI has

10     suffered general damages, including loss of the assets transferred to TANDLERS; the amount of

11     such damages has not yet been fully ascertained and is subject to proof at trial; such damages are

12     in excess of the jurisdictional limits of this court.

13     85.  FRITZI is also entitled to recover compensatory damages for the value of lost income

14     for the use of property, and costs and expenses of this action.

15     SIXTH  CAUSE OF ACTION<br>(Financial Elder Abuse against VALLI and ROBERT)

16     86.  Plaintiff incorporates paragraphs 1 through 23, 25 through 32, 40 through 47, 55

17     through 61, and 73 through 79 herein.

18     87.  Plaintiff was 65 in 1986.  At all times relevant to this action VALLI had a fiduciary

19     relationship with FRITZI, as set forth above.  ROBERT had a fiduciary relationship with FRITZI

20     as alleged herein, his fiduciary relationship was in existence before, and at all times after 1986.

21     88.  VALLI and ROBERT'S conduct, described in this complaint, constituted financial

22     abuse as defined in Welfare and Institutions Code §15610.30 in that they transferred 70% of

23     FRITZI'S assets to TANDLERS and left FRITZI without adequate financial resources to support

24     herself in the manner to which she was accustomed.

25     89.  VALLI and ROBERT'S conduct, described in this complaint, constituted financial

26     abuse under Welfare and Institutions Code §15657 as defined in Welfare and Institutions Code

27     §15610.30.

28

SHARON GREEN, LAWYER
1721 Waldman Avenue
Las Vegas, Nevada 89102
(702) 387-8124

17          *AMENDED COMPLAINT*

90. VALI and ROBERT were guilty of oppression in the commission of the above-described abuse.

91. Under Welfare and Institutions Code §15657(a), VALLI and ROBERT are liable to FRITZI for reasonable attorney's fees and costs.

92. Under Civil Code § 3294, VALLI and ROBERT are liable for punitive damages.

### SEVENTH CAUSE OF ACTION
(Civil Code §3345 Penalties Against VALLI, ROBERT, ORRICK and HOISINGTON)

93. Plaintiff incorporates paragraphs 1 through 23, 25 through 32, 40 through 47, 55 through 61, and 73 through 79 herein.

94. This action is an action to redress unfair and deceptive acts and practices committed by VALLI, ROBERT, ORRICK and HOISINGTON, and is brought on behalf of FRITZI BENESCH, born 1921, and who is a senior citizen protected by Civil Code §3345.

95. By this action FRITZI seeks to recover a civil penalty pursuant to Civil Code §3345 based on the following:

(a) VALLI, ROBERT, ORRICK and HOISINGTON knew or should have known that their conduct was directed to a senior citizen, namely FRITZI;

(b) The conduct of VALLI, ROBERT, ORRICK and HOISINGTON as alleged herein caused FRITZI to suffer substantial loss of a source of income, namely the assets transferred to TANDLERS, and to suffer the loss of assets essential to FRITZI'S welfare.

(c) FRITZI was substantially more vulnerable to defendants' conduct because of her age, and actually suffered substantial economic damage resulting from the conduct of VALLI, ROBERT, ORRICK and HOISINGTON.

96. FRITZI therefore is entitled to a statutory award of treble damages pursuant to Civil Code §3345.

### EIGHTH CAUSE OF ACTION
(Negligence Against All Defendants)

97. Plaintiff incorporates paragraphs 1 through 23, 25 through 32, 40 through 47, 55 through 61, and 73 through 79 herein.

98. Defendants and each of them, owed FRITZI a duty of care arising from the

1 | relationships set ⌐ in this complaint.

2 |    99. Defendants, and each of them, breached the duty of care owed to FRITZI as set forth

3 | herein.

4 |    100. As a legal result of the breach of duty of care of each of the defendants, FRITZI

5 | suffered injury to her property; the total amount of such damage has not yet been fully ascertained,

6 | but is subject to proof at trial. The amount of such damage exceeds the threshold jurisdictional

7 | limit of this court.

8 |                              **PRAYER**

9 |    WHEREFORE, Plaintiff prays for judgment as follows:

10 |    1. For special damages according to proof;

11 |    2. For general damages according to proof;

12 |    3. For punitive damages on the First, Second, and Sixth Causes of Action;

13 |    4. For attorney's fees on the Sixth Cause of Action;

14 |    5. For treble damages on the Seventh Cause of Action;

15 |    6. Equitable relief including but not limited to imposition of a constructive trust;

16 | reformation of trust agreements; including but not limited to removal of VALLI and ROBERT as

17 | trustees; reformation of title to real property.

18 |    7. For costs of suit;

19 |    8. For such other and further relief as the Court deems proper.

20 |

21 | Dated: October 3Ǫ 2001                    SHARON GREEN, LAWYER

22 |

23 |                                           *Sharon Green*

24 |                                           SHARON GREEN, Attorney for
                                              Plaintiff

25 |

26 |

27 |

28 |

**EXHIBIT F**

1   WILLIAM MCGRANE [057761]
    MAUREEN HARRINGTON [194606]
2   McGRANE GREENFIELD LLP
    One Ferry Building, Suite 220
3   San Francisco, CA 94111
    Telephone: (415) 283-1776
4   Facsimile: (415) 283-1777
    Email:    wmcgrane@mcgranegreenfield.com
5
    Attorneys for Fritzi Benesch
6

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF SAN FRANCISCO

10
    FRITZI BENESCH,                        | Case No. 317187
11
                Plaintiff,                 | NOTICE OF ASSOCIATION OF
12                                         | COUNSEL
                vs.
13

14  VALLI BENESCH TANDLER, individually
    and as Trustee; ROBERT TANDLER,
15  individually and as Trustee; WILLIAM
    HOISINGTON; ORRICK HERRINGTON &
16  SUTCLIFF, LLP, a California Law firm; DOES
    1 through 20, inclusive,
17
                Defendant.
18
    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:
19
          PLEASE TAKE NOTICE that plaintiff Fritzi Benesh hereby associates
20
    Liner Yankelevitz Sunshine & Regenstreif LLP as her counsel of record. All
21
    pleadings, orders and notices should henceforth be served upon Liner Yankelevitz
22
    Sunshine & Regenstreif LLP, 199 Fremont Street, 20th Floor, San Francisco,
23
    California 94105-2255, in addition to counsel who are already on the service list.
24
    The telephone and facsimile numbers at Liner Yankelevitz Sunshine &
25
    Regenstreif LLP, are (415) 489-7700 and (415) 489-7701, respectively.
26

                                    1

1   Dated: June 8, 2006

2

3

4

5   Such Association is hereby accepted:

6

7   Dated: June 8, 2006

8

9

10

11

12

13   Such Association is hereby approved:

14

15   Dated: June 8, 2006

16

17

18

19

20

21

22

23

24

25

26

McGRANE GREENFIELD LLP

By: _____
    William McGrane,
    Attorneys for Fritzi Benesh

LINER YANKELEVITZ
SUNSHINE & REGENSTREIF
LLP

By: _____
    Jeffrey Nussbaum,
    Attorneys for Fritzi Benesh

_____
Plaintiff Fritzi Benesh

2

1                                PROOF OF SERVICE

2    I, the undersigned, do hereby declare:

3    I am employed in the County of San Francisco, California. I am over the age of
     eighteen years; a citizen of the United States; and not a party to the within action;
4    my business address is McGrane Greenfield LLP, One Ferry Building, Suite 220,
     San Francisco, CA 94111.
5    On this date, as indicated by the asterisk markings below, I served the attached

6
       • NOTICE OF ASSOCIATION OF COUNSEL
7

8    on the interested parties in said cause, as designated below:

9        **       (By Hand Delivery/Messenger) I caused a sealed envelope to be
     hand delivered or sent by messenger service for immediate delivery.
10

11   Said envelope(s) are addressed as follows:

12   Melvin R. Goldman                        Elliot R. Peters
     Morrison & Foerster LLP                  Keker & Van Nest LLP
13   425 Market Street                        710 Sansome Street
     San Francisco, CA 94105                  San Francisco, CA 94111
14   **                                       **

15
     David I Dalby                            Jeffrey Nussbaum
16   Hinshaw & Culbertson LLP                 Liner Yankelevitz Sunshine & Regenstreif
17   One California Street, 18th Floor         LLP
     San Francisco, CA 94111                  199 Fremont Street, 20th Floor
18   **                                       San Francisco, CA 94105-2255
                                              **
19

20   I declare under penalty of perjury under the laws of the State of California that the
21   foregoing is true and correct, and that this declaration was executed on June 9,
     2006, at San Francisco, California.
22

23

24

                                                          Jack Praetzellis
25

26

                                      1
                                Proof of Service

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

William McGrane [057761]
McGrane Greenfield LLP
One Ferry Building, Suite 220
San Francisco, CA 94111
TELEPHONE NO.: 415-283-1776    FAX NO. (Optional): 415-283-1777
E-MAIL ADDRESS (Optional): wmcgrane@mcgranegreenfield.com
ATTORNEY FOR (Name): Fritzi Benesch

**F I L E D**
San Francisco County Superior Court

APR 2 6 2006

GORDON PARK-LI, CLERK
BY _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, 94104
BRANCH NAME:

CASE NAME: Benesch v. Tandler

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: .317187 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Fritzi Benesch     makes the following substitution:

1. Former legal representative ☐ Party represented self ☑ Attorney (name): Sharon Green
2. New legal representative ☐ Party is representing self ☑ Attorney
   a. Name: William McGrane
   b. State Bar No. (if applicable): 057761
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
      McGrane Greenfield LLP, One Ferry Building, Suite 220, San Francisco, CA 94111

   d. Telephone No. (include area code): 415-283-1776
3. The party making this substitution is a ☑ plaintiff ☐ defendant ☐ petitioner ☐ respondent ☐ other (specify):

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
Date: April 25 2006
Fritzi Benesch _____                _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
Date: April 25 2006
Sharon Green _____                  _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
Date: April 25 2006
William McGrane _____               _____
(TYPE OR PRINT NAME)                          (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)                           Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2006]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 376
American LegalNet, Inc.
www.USCourtForms.com

10332765 TM - 4/25/2005 3:49.59 PM

**MC-050**

| CASE NAME: Benesch v. Tandler | CASE NUMBER: 317187 |
|---|---|

### PROOF OF SERVICE BY MAIL
Substitution of Attorney—Civil

**Instructions:** After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An unsigned copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.

1. I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My residence or business address is (specify): McGrane Greenfield LLP, One Ferry Building, Suite 220, San Francisco, CA 94111

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: April 25, 2006        (2) Place of mailing (city and state): San Francisco, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

Jack Praetzellis

(TYPE OR PRINT NAME)                                    (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served:        Sharon H. Green
   b. Address (number, street, city, and ZIP):   1721 Waldman Ave
                                        Las Vegas, NV 89102

   c. Name of person served:        Melvin R. Goldman
   d. Address (number, street, city, and ZIP):   Morrison & Foerster LLP
                                        425 Market Street
                                        San Francisco, California 94105-2482

   e. Name of person served:        Elliot R. Peters
   f. Address (number, street, city, and ZIP):   Keker & Van Nest LLP
                                        710 Sansome Street
                                        San Francisco, CA 94111

   g. Name of person served:        David I Dalby
   h. Address (number, street, city, and ZIP):   Hinshaw & Culbertson LLP
                                        One California Street, 18th Floor
                                        San Francisco, California 94111

   i. Name of person served:
   j. Address (number, street, city, and ZIP):

☐ List of names and addresses continued in attachment.

MC-050 [Rev. January 1, 2005]

### SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)

Page 1 of 1

10332765 M - 4/25/2005 3:49:59 PM