JONATHAN R. BASS (State Bar No. 75779)
A. MARISA CHUN (State Bar No. 160351)
COURTNEY SHAW HUIZAR (State Bar No. 230324)
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:   ef-jrb@cpdb.com, ef-amc@cpdb.com, ef-csh@cpdb.com

Attorneys for Plaintiff and Cross-Defendant FRITZI BENESCH

STEVEN D. WASSERMAN (State Bar No. 88291)
MARK J. HANCOCK (State Bar No. 160662)
SUNNY S. SHAPIRO (State Bar No. 221111)
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, Eighth Floor
San Francisco, California 94105
Telephone: 415.781.7900
Facsimile: 415.781.2635
Email:   steven.wasserman@sdma.com

Attorneys for Defendant and Cross-Claimant SHARON GREEN

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZI BENESCH,<br><br>        Plaintiff,<br><br>   v.<br><br>SHARON GREEN; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. C 07-3784 EDL<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:        November 13, 2007<br>Time:       10:00 a.m.<br>Courtroom: Courtroom E, 15th Floor<br>Judge:      Hon. Elizabeth D. Laporte |
| SHARON GREEN,<br><br>        Cross-Claimant,<br><br>   v.<br><br>FRITZI BENESCH, and ROES 1 through 25, inclusive,<br><br>        Cross-Defendants. | |

12670.003.727998v3                                                          Case No. C 07-3784 EDL

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff and Cross-Defendant Fritzi Benesch and Defendant and Cross-Claimant Sharon Green jointly submit this Case Management Statement.

### 1.  Jurisdiction and Service.

With respect both to Plaintiff's claims and Defendant's counterclaims, the Court has removal jurisdiction under 28 U.S.C. sections 1332(a) and 1441(b) based on complete diversity of citizenship between the litigants (who are a California citizen and a Nevada citizen, respectively) and the fact that the amount in controversy is greater than $75,000. There are no issues regarding personal jurisdiction or venue, and all parties have been served.

### 2.  Facts.

#### a.  Plaintiff's Version of the Facts.

Plaintiff Fritzi Benesch was represented by defendant Sharon Green in a lawsuit in the San Francisco Superior Court until late April 2006.  This case arises out of that litigation, which is still proceeding.  That lawsuit, *Benesch v. Tandler*, San Francisco Superior Court Case No. CGC-00-317187 (the "underlying action") involved claims against two sets of defendants – Valli Benesch Tandler and Robert Tandler (who are plaintiff's own daughter and son in law) and the law firm of Orrick, Herrington & Sutcliffe and William Hoisington (who were counsel, simultaneously, to both Fritzi Benesch and the Tandlers).  In the course of her representation by Orrick and Hoisington, plaintiff was induced to sign instruments conveying most of her shares in the family corporation to the Tandlers, without being adequately advised concerning the nature and effect of the transactions, and without having been advised of the conflicts of interest to which her counsel were subject.

On April 18, 2006, the parties in the underlying action participated in a mediation, which culminated in the execution of a term sheet by plaintiff and the Tandlers.  (The claims against Orrick and Hoisington were not the subject of the settlement.)  The settlement contemplated by the term sheet required the participation of plaintiff's other daughter, who was not a party to the underlying action, and was not present or represented at the mediation.  As part of the settlement, however, the family corporation was to repurchase all of the shares owned both by plaintiff and by her other daughter, so that neither of them would have any further involvement or interest in the

1  company. Absent that other daughter's willingness to sign on to the term sheet, there was to be no
2  settlement.
3        Unfortunately, the term sheet was drafted inadequately. The other daughter did not accept
4  the terms, but the Tandlers nonetheless sought to enforce the settlement against plaintiff. The
5  Superior Court judge, finding nothing in the term sheet that expressly conditioned the settlement
6  on the lawsuit on the other daughter's participation, granted the Tandlers' motion to enforce the
7  settlement against plaintiff.
8        Plaintiff incurred substantial attorney's fees in connection with the Superior Court
9  proceedings that followed the mediation. Those expenses continue to mount. None of these
10 expenses would have been incurred had the term sheet been drafted in a manner that reflected the
11 parties' intent.

### b.    Defendant's Version of the Facts.

13       Plaintiff and her husband founded a women's clothing manufacturing company, which
14 eventually became quite successful. Plaintiff and her husband had two daughters, Valli and
15 Connie. Valli, an attorney, joined the company as an officer, along with her attorney husband
16 Robert Tandler. Plaintiff's other daughter, Connie, moved to New York to pursue other interests.
17       Plaintiff and her husband hired the Orrick law firm to provide estate planning services.
18 The Orrick firm also provided legal advice to the company and eventually became counsel for
19 Valli and Robert Tandler. When plaintiff initiated divorce proceedings against her now estranged
20 husband, she discovered that through a series of transactions the bulk of the stock in the company
21 had been transferred to the Tandlers. Plaintiff contended she was not aware of and/or did not
22 agree to these transfers. She also claimed they violated her intent to have both her daughters
23 inherit equally the assets plaintiff and her husband had acquired.
24       Defendant filed suit against the Tandlers and Orrick in connection with these claims and
25 represented plaintiff for six years. During that litigation, the parties participated in three judicial
26 settlement conferences/mediations, the first presided over by Judge Daniel Weinstein, the second
27 by Judge John Munter of San Francisco Superior Court, and the disputed mediation presided over
28 by retired Judge William Cahill. At the Cahill mediation, after two days of negotiations, a term

1  sheet was agreed upon, initialed and signed by plaintiff and the Tandlers providing for a resolution
2  of their claims against one another and for the purchase of Connie's stock in the company.
3      Plaintiff subsequently refused to go forward with the settlement. The Tandlers filed a new
4  action alleging breach of contract by plaintiff, and also filed a motion to enforce the settlement in
5  the action filed by plaintiff. The Tandlers are claiming that Plaintiff improperly refused to go
6  forward with the settlement and that she induced Connie to refuse to consent. Judge James
7  Robertson ruled that the term sheet was enforceable in certain respects. Plaintiff, the Tandlers and
8  Orrick continue to litigate various issues surrounding the term sheet.
9      Defendant contends that the outcome of the Cahill mediation and subsequent litigation
10 over enforcement of the term sheet are unrelated to any action or omission by defendant. Plaintiff
11 must prove not only that Defendant breached the standard of care in the manner in which the term
12 sheet was drafted, but that the Tandlers would have agreed to some different language or
13 formulation. Defendant contends that she met or exceeded the standard of care in every respect,
14 provided years of diligent, devoted and excellent service to plaintiff and has not caused any harm
15 to plaintiff whatsoever.

16     **c.    Principal Factual Issues in Dispute.**

17         **i.    Standard of care.**

18     The parties dispute whether Defendant breached the standard of care that she owed to
19 Plaintiff as her attorney, including whether Defendant took adequate steps to ensure that the term
20 sheet reflected the parties' alleged intent that Connie Benesch consent to its terms prior to it
21 becoming effective.

22         **ii.    Causation and Amount of Plaintiff's damages.**

23     The parties dispute whether Defendant's conduct is the cause of any damage to Plaintiff
24 and the amount of damages, if any, that Plaintiff has incurred as a result of Defendant's alleged
25 negligence. Defendant contends she did not cause any damage to Plaintiff, and that any "loss" or
26 attorneys fees Plaintiff has incurred are the result of her own actions or omissions.

27         **iii.    Amount of Defendant's damages.**

28     The parties dispute whether, if Defendant is entitled to any damages from Plaintiff for

unpaid legal work, such damages should be reduced based on the alleged inadequacy of that work.

### 3. Legal Issues.

Given that the principal factual issues listed above in Section 2(c) are mixed questions of fact and law, the parties refer to, and incorporate here, that section.

One additional legal issue that may be disputed is whether Defendant is entitled to discover any of Plaintiff's communications with attorneys other than Defendant who also represented Plaintiff in connection with the underlying action (and a related Superior Court case entitled *Tandler v. Benesch*). Plaintiff contends that California Evidence Code section 958 governs whether a client's communications with her attorney are considered not privileged due to the filing of a legal claim and that the statute only applies to communications between the client and the attorney she is suing. Defendant contends she is entitled to subsequent communications between Plaintiff and her counsel regarding the matters here at issue as related to standard of care, causation, damages and mitigation.

### 4. Motions.

There have been no prior motions in this case. Given the pendency of the underlying action in state court, Plaintiff has proposed that this action be stayed, either through a stipulation or motion to stay the action until the state court action is resolved or by way of the parties' dismissal of their claims without prejudice, subject to an agreement that, in any subsequent lawsuit, Defendant would not assert the statute of limitations defense. If the parties are unable to agree on the stay issue, then Plaintiff intends to file a motion to stay this action during the pendency of the underlying state court actions. Plaintiff anticipates filing this motion sometime after the November 13, 2007 case management conference. A stay is appropriate, at least from Plaintiff's perspective, because (a) communications protected by the attorney-client privilege may otherwise become available to the parties in the underlying action by virtue of discovery in this case, and (b) the full extent of Plaintiff's damages may not be ascertainable until the underlying action has concluded. Despite those concerns Plaintiff was forced to file this action in order to avoid the bar of the statute of limitations under state law.

Defendant intends to file a motion for summary judgment.

### 5. Amendment of Pleadings.

At this time, the parties do not anticipate that they will seek to amend the pleadings to add or remove parties, claims, or defenses. The parties propose that the issue of a potential deadline for amending the pleadings be revisited after the parties have reached an agreement on whether to stay this action or after a ruling on a motion to stay this action.

### 6. Evidence Preservation.

Plaintiff's attorneys have discussed the topic of evidence preservation with her. Plaintiff, who is an 86-year-old woman, does not use email and has no document destruction policy that would need to be altered.

Defendant is a sole practitioner and does not have a document destruction policy that needs to be altered.

### 7. Disclosures.

Pursuant to the October 23, 2007 stipulation and order, initial disclosures are currently due on December 7, 2007. The parties believe that this deadline should be extended in light of the issue regarding a potential stay. If the parties agree to a stay, then the parties request that the Court defer setting a new deadline for disclosures until the stay is lifted. If Plaintiff instead files a motion for a stay, then the parties request that the Court delay consideration of the disclosure deadline until after the Court's ruling on that motion. If the Court denies the motion to stay, then the parties propose that initial disclosures be due three weeks after the date of that ruling.

### 8. Discovery.

No discovery has yet been taken. Pursuant to the October 23 stipulation and order, the parties have deferred the submission of a Rule 26(f) discovery plan until December 7, 2007. The parties believe that the discovery plan should be treated in the same way that has been proposed for initial disclosures: namely, revisiting the matter subsequent to the lifting of any stay or, alternatively, making the discovery plan due three weeks after the date of any order denying any motion to stay the action.

In the event that this action is not stayed or dismissed, then Plaintiff believes that some alteration to the normal discovery rules may be necessary to protect her privileged

communications from disclosure to the parties in the underlying action.

### 9. Class Actions.

This case is not a class action.

### 10. Related Cases.

There are two related cases pending in state court:

**a.** *Benesch v. Tandler et. al.* (San Francisco Super. Ct. No. CGC-00-317187) – in this action, Plaintiff brings claims against the Tandlers and her former attorneys, Orrick, Herrington & Sutcliffe and William Hoisington (the "Orrick Defendants") with respect to the transfers of Plaintiff's holdings in the family company to her elder daughter, Valli Tandler. Plaintiff's claims against the Orrick defendants are proceeding in the state court. Her claims against the Tandlers in the underlying action were the subject of a motion to enforce the settlement under California Code of Civil Procedure section 664.6. Plaintiff intends to take an appeal from that decision.

**b.** *Tandler v. Benesch* (San Francisco Super. Ct., No. CGC-06-452659) – in this action, the Tandlers filed claims against Plaintiff to enforce the term sheet that was negotiated at the April 2006 mediation. The actual enforcement of the settlement occurred in the underlying action, thereby rendering the *Tandler v. Benesch* case essentially moot.

### 11. Relief.

Plaintiff seeks damages consisting in part of the attorney's fees that she has incurred, and continues to incur, in the underlying action as a consequence of the allegedly faulty drafting of the term sheet. In addition, the state court has determined that the settlement with the Tandlers gave rise to an offset, in the amount of $2.33 million, thereby reducing the claims against the non-settling Orrick Defendants by that amount. Plaintiff believes that this offset amount is excessive, and that any offset would have been substantially lower had the term sheet been properly drafted.

Defendant seeks to recover for fees and costs incurred on behalf of Plaintiff. These fees and costs were proper and are not subject to any setoff or reduction.

### 12. Settlement and ADR.

On October 25, 2007, the parties had a conference call with Howard Herman, Esq., director of the Court's ADR program. Both the parties themselves and Mr. Herman, are of the

view that a settlement conference with a Magistrate Judge is the appropriate ADR option. The parties anticipate that Magistrate Judges Spero and Chen would recuse themselves, based on their prior affiliation with Plaintiff's counsel, Coblentz, Patch, Duffy & Bass LLP.

### 13. Consent to Magistrate Judge For All Purposes.

On October 22, 2007, the parties filed a joint consent to have a magistrate judge conduct all further proceedings, including trial and entry of judgment.

### 14. Other References.

The parties do not believe that this case is suitable for any other references (to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation).

### 15. Narrowing of Issues.

Plaintiff believes that the issues in this case could be substantially narrowed depending upon the resolution of the underlying state court actions – for example, if those actions are resolved in her favor, it may limit the amount of damages she seeks or obviate the need for this lawsuit altogether.

### 16. Expedited Schedule.

The parties do not believe that this case should be handled on an expedited basis at this time.

### 17. Scheduling.

As with the initial disclosures and discovery plan, the parties believe that the schedule for this matter (designation of experts, discovery cutoff, dispositive motions, pretrial conference, and trial) should be deferred until after the stay issue is resolved. If the action is not stayed, the parties propose to submit a proposed schedule three weeks following the Court's order denying the motion.

### 18. Trial.

The parties agree that this case would be tried to a jury and would last approximately 10 court days.

### 19. Disclosure of Non-party Interested Entities of Persons.

Plaintiff is filing her Civil Local Rule 3-16 certification concurrently with this joint

1 statement. Plaintiff also restates herein the contents of that certification; namely, pursuant to that
2 rule, her attorneys certify that as of this date, other than the named parties, there is no such interest
3 to report.
4     Defendant is filing her Civil Local Rule 3-16 certification concurrently with this joint
5 statement. Defendant also restates herein the contents of that certification; namely, pursuant to
6 that rule, her attorneys certify that as of this date, other than the named parties, there is no such
7 interest to report.

### 20. **Other Matters.**

9     The parties believe that deadlines for disclosures, discovery, and pre-trial motions should
10 await the disposition of the threshold issue of whether this action should be stayed. The parties
11 are therefore not submitting a proposed case management order.

13 DATED: November 7, 2007        COBLENTZ, PATCH, DUFFY & BASS LLP

15                                   By:    //s//
                                             Jonathan R. Bass
                                             Attorneys for Plaintiff and Cross-Defendant
                                             FRITZI BENESCH

18 DATED: November 7, 2007        SEDGWICK, DETERT, MORAN & ARNOLD LLP

20                                         By:    //s//
                                             Steven D. Wasserman
                                             Attorneys for Defendant and Cross-Claimant
                                             SHARON GREEN