1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    FRITZI BENESCH,                        No. C 07-03784 EDL (TJB)

12              Plaintiff,                   **ORDER SETTING SETTLEMENT
                                            CONFERENCE**
13        v.

14    SHARON GREEN,

15              Defendant.
                                        _____/
16    _____

17        This matter has been referred to U.S. Magistrate Judge Timothy J. Bommer for a

18    settlement conference.

19        IT IS HEREBY ORDERED that the parties appear for a settlement conference before

20    Judge Bommer on **Wednesday, October 28, 2009, at 1:30 p.m.,** in Courtroom 4, 3rd Floor,

21    United States Courthouse, 1301 Clay Street, Oakland, California 94612.

22                        <u>**MEET AND CONFER REQUIREMENT**</u>

23        IT IS FURTHER ORDERED that prior to the settlement conference, counsel are

24    directed to discuss settlement with their respective clients and insurance representatives.

25    Thereafter, and no fewer than ten court days before the settlement conference, the parties,

26    their attorneys and representatives are directed to discuss settlement, and make every effort to

27    reach a compromise or, at least, narrow the range of disparity prior to the settlement

28    conference.  Counsel for the anticipated participants must meet and confer (in person or

*United States District Court*
*For the Northern District of California*

**United States District Court**
For the Northern District of California

1    voice to voice) to discuss matters pertinent to improving the prospects that the settlement

2    negotiations will be productive.  In these discussions counsel may address any subjects they

3    feel are appropriate – but they must discuss the following:

4    (1)    Who will attend the conference on behalf of each party, identifying the lawyer

5    and the client representative, as well as any other persons;

6    (2)    Which persons or entities must approve a proposed settlement agreement

7    before it can be executed; the nature and duration of that approval process; the

8    standards or criteria generally applied in it; and any foreseeable barriers to

9    approval or special concerns that the approving authority might want

10    addressed;

11    (3)    Whether insurance is available to cover all or part of the claimed losses or to

12    fund all or part of any party's defense; whether tenders have been made to any

13    insurance companies; whether any insurer will have a representative at the

14    settlement conference and, if so, the name of and position held by each such

15    representative;

16    (4)    Whether it would be useful for settlement demands and/or offers to be made

17    before the settlement conference is convened; and whether the parties might

18    want to consider "structured settlements" and, if so, whether experts in

19    structuring settlements should develop proposals in advance and/or attend the

20    conference;

21    (5)    Whether there are particular documents or other tangible things that should be

22    brought to the conference (e.g., to educate the settlement judge or to support or

23    explain significant contentions);

24    (6)    Whether one or more of the parties will ask that the negotiations include any

25    non-monetary items and/or trades or payments in kind; if so, what any such

26    non-monetary items would be (e.g., reinstatement of employment, a

27    job-reassignment or promotion, retirement status or benefits, other fringe

28    benefits, a letter of recommendation, an apology, a joint venture, a buy-out, a

1  licensing agreement, providing products at no cost or discounts, a press release,

2  etc.);

3  (7)  Any unusual issues or factors that could come into play in the settlement

4  negotiations or any especially sensitive matters that other counsel should be

5  alerted to before the settlement conference.

6

7  **REQUIRED ATTENDANCE AT SETTLEMENT CONFERENCE**

8  IT IS FURTHER ORDERED that lead trial counsel must appear at the Settlement

9  Conference and that all parties must be present, in person, at the settlement conference with

10  the individuals who have full power and authority to negotiate a binding settlement of the

11  above-entitled matter.  This requirement contemplates the presence of the party or, if a

12  corporate entity, an authorized representative.  For a defendant, such representative must

13  have final settlement authority to commit the party to pay, in the representative's discretion, a

14  settlement amount up to the plaintiff's prayer (excluding punitive damage prayers in excess

15  of $100,000.00) or up to the plaintiff's last demand, whichever is lower.  For a plaintiff, such

16  representative must have final authority, in the representative's discretion, to authorize

17  dismissal of the case with prejudice, or to accept a settlement amount down to the amount of

18  the defendant's last offer.  The purpose of this requirement is to have representatives present

19  who can settle the case during the course of the conference without consulting a superior.

20  If approval by a Board may be required to authorize settlement, the authorized

21  settlement authority shall be approved by the Board in advance of the conference, and the

22  attendance of at least one sitting member of the Board (preferably the Chairman) is required.

23  No party representative shall have any limit or "cap" on his or her authority which cap

24  is less than the level of authority required above.

25  IT IS FURTHER ORDERED that counsel appearing without their clients (whether or

26  not counsel has been given settlement authority) will cause the conference to be canceled and

27  rescheduled.  The noncomplying party, attorney, or both may be assessed the costs and

28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  expenses incurred by other parties and the Court as a result of such cancellation, as well as

2  any additional sanctions deemed appropriate by the judge to whom the case is assigned.

3       IT IS FURTHER ORDERED that any insurance company that is a party or is

4  contractually required to defend or to pay damages, if any, assessed within its policy limits in

5  this case must have an authorized settlement representative present at the conference.  Such

6  representative must have final settlement authority to commit the company to pay, in the

7  representative's discretion, an amount within the policy limits.  The purpose of this

8  requirement is to have an insurance representative present who can settle the outstanding

9  claim or claims during the course of the conference without consulting a superior.  An

10  insurance representative authorized to pay, in his discretion, up to the plaintiff's last demand

11  will also satisfy this requirement.

12       No party representative shall have any limit or "cap" on his or her authority which cap

13  is less than the level of authority required above.

14       IT IS FURTHER ORDERED that the parties shall set forth the amount of costs

15  (excluding attorney fees) expended prior to the settlement conference, and the costs to be

16  expended for further discovery, pretrial, trial and appeal.

17       IT IS FURTHER ORDERED that the parties shall comply with all other requirements

18  and conditions for the settlement conference as set forth in ADR Local Rules 7-1 through

19  7-5.

20       IT IS FURTHER ORDERED that a failure to comply with any of the requirements of

21  this Order may result in the imposition of appropriate sanctions, which may include contempt

22  proceedings.

23

24       **SETTLEMENT STATEMENT**

25       IT IS FURTHER ORDERED that each of the parties must submit simultaneously a

26  Confidential Settlement Conference Statement, containing no more than fifteen (15) pages of

27  text and fifteen (15) pages of exhibits, which must include the following information:

28       (1)    a complete, but concise, summary of the general facts and the legal issues;

4

United States District Court

For the Northern District of California

(2)   a statement explaining the factual and legal positions asserted by the party, together with an explanation how the specific facts and legal theories support the positions taken;

(3)   a statement explaining the party's position regarding damages, including the bases for any damages calculations, and a description of any non-monetary relief sought or non-monetary components of settlement offers or demands;

(4)   forthright and candid statements as to those specific facts and legal issues which are viewed by the party itself to be so weak that the opposing party may prevail significantly at trial; and

(5)   a statement explaining the nature of any prior settlement negotiations, including the following:

(a)   a history of past settlement negotiations (without revealing communications whose disclosure to a settlement judge is prohibited),

(b)   a description of the principal obstacles (factual, legal, or other) to reaching agreement,

(c)   the reasons the parties' assessments of the case's settlement value differ, and

(d)   each component of each party's most recently communicated settlement demand or offer (describing specifically any non-monetary terms that were demanded or offered);

(6)   a settlement figure or terms that, given all the circumstances, is realistic and that the party submitting the Statement would consider seriously.

IT IS FURTHER ORDERED that the Confidential Settlement Conference Statement must be submitted **by no later than Wednesday, October 21, 2009.** This Statement must be delivered to the Clerk's Office in the Oakland, California courthouse, and the caption must instruct the Clerk to lodge but not file the Statement. The settlement statements will be held in confidence and are not to be filed or exchanged with opposing counsel.

1      IT IS FINALLY ORDERED THAT the parties must notify Magistrate Judge

2  Bommer's law clerk immediately at 510-637-3324 if this case settles prior to the date set for

3  settlement conference.

4      **IT IS SO ORDERED.**

5

6  Dated:  October _____, 2009



TIMOTHY J. BOMMER
United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California