IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZI BENESCH, | No. C-07-03784 EDL |
| Plaintiff, | **ORDER RE: DEFENDANT'S OBJECTIONS TO PLAINTIFF'S EVIDENCE** |
| v. | |
| SHARON GREEN, | |
| Defendant. | |

On October 6, 2009, Defendant filed a Motion for Summary Judgment. Plaintiff filed an opposition to Defendant's Motion, along with supporting evidence. On November 12, 2009, Defendant filed objections to Plaintiff's evidence based on the mediation confidentiality statutes, California Evidence Code §§ 1115, et seq. On November 24, 2009, the Court held a hearing on Defendant's Motion for Summary Judgment.

On December 17, 2009, the Court issued an Order denying without prejudice Defendant's Motion for Summary Judgment. The Court rules on Defendant's evidentiary objections as follows:

1.  Benesch Decl. ¶ 6 (2:19-21). Plaintiff's understanding as stated in paragraph six could only come from the confidential communications at the mediation, and even if that understanding came from communications outside the mediation, those communications would have been made for the purpose of or pursuant to the mediation and so would be protected. Defendant's Objection is sustained.

2.  Benesch Decl. ¶ 8. To the extent that this paragraph refers to communications between

|   |   |   |
|---|---|---|
| 1 | | participants at the mediation, it is precluded by the mediation confidentiality statutes. |
| 2 | | Defendant's Objection is sustained. |
| 3 | 3. | Benesch Decl. ¶ 9 (2:28).  Plaintiff purports to testify as to her daughter Connie's response to |
| 4 | | the Term Sheet.  Defendant's Objection based on hearsay is sustained. |
| 5 | 4. | Bass Decl. ¶ 9 (3:1-3).  Defendant objects that these statements are hearsay, lack foundation |
| 6 | | and are speculative.  The statements do not lack foundation and are not speculative because |
| 7 | | Mr. Bass is describing the enforcement action in state court in which he represented Plaintiff. |
| 8 | | Nor are the statements hearsay because they are not statements by the other parties that are |
| 9 | | offered for the truth of the statements.  Defendant's Objections are overruled. |
| 10 | 5. | Bass Decl. Ex. C.  This exhibit contains excerpts of Defendant's deposition that was taken |
| 11 | | during the state court enforcement action.  During that state court action, according to |
| 12 | | Defendant, the court had ruled that the parties could discuss the content of the mediation to |
| 13 | | the extent that it related to Plaintiff's subsequent rejection of the settlement agreement.  The |
| 14 | | deposition excerpts contain information that is protected by the mediation confidentiality |
| 15 | | statutes.  Further, admitting this exhibit would be unfairly prejudicial because Defendant |
| 16 | | could not explain her testimony in light of the mediation confidentiality provisions. |
| 17 | | Defendant's Objections are sustained. |
| 18 | 6. | Bass Decl. Ex. D.  Because this exhibit is redacted, it is difficult for the Court to properly |
| 19 | | evaluate it.  The document does not lack foundation because Mr. Bass prepared it.  To the |
| 20 | | extent that it is offered for the fact that it was filed, it would not be hearsay, but if Plaintiff is |
| 21 | | offering it for the  truth of the statements contained in the motion, it is hearsay.  The Court |
| 22 | | did not rely on this document in ruling on the motion for summary judgment and therefore |
| 23 | | declines to rule on the objections to it. |
| 24 | 7. | Bass Decl. Ex. E.  This exhibit contains Defendant's declaration submitted in the state court |
| 25 | | action in opposition to the motion to enforce settlement.  Defendant objects to this exhibit on |
| 26 | | the grounds that it is protected by the mediation confidentiality statutes (1:7-8; 1:9-13; 1:21- |
| 27 | | 26; 2:10-16; 2:18-24; 2:25-3:6; 3:7-11).  Defendant also objects that it is irrelevant because it |
| 28 | | was prepared in connection with a different matter.  Defendant objects that its admission |

would be unfairly prejudicial because Defendant would be precluded by the mediation confidentiality statutes from explaining the statements contained in the declaration. Finally, Defendant objects based on public policy grounds under California Code of Civil Procedure section 473.

First, to the extent that the declaration states what occurred at the mediation, it is precluded by the mediation confidentiality statutes. Although the declaration notes that the state court allowed the parties to inquire about the events at the mediation, there has been no express waiver of the mediation confidentiality statutes in this case. Second, the declaration is not irrelevant as it addresses the mediation, which is the subject of the malpractice action. Third, admission of the declaration would be unfairly prejudicial to the extent that Defendant cannot explain her statements in the declaration because of the mediation confidentiality statutes. Fourth, section 473 does not apply here; Defendant did not acknowledge fault in the declaration. Section 473 itself does not preclude use of a declaration in a subsequent malpractice action, but the California Supreme Court has held that when an attorney uses section 473 to admit a mistake for the purpose of amending a judgment, that admission should not be used against him in a malpractice case. See Smith v. Lewis, 13 Cal.3d 349, 364-65 (1975). Here, however, there is no admission of fault, but admission of the declaration would be unduly prejudicial under Federal Rule of Evidence 403 because Defendant could not use statements made in mediation to explain her declaration. Defendant's Objections based on mediation confidentiality and unfair prejudice are sustained.

**IT IS SO ORDERED.**

Dated: December 17, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge